GEORGE H. ANDREWS vs. SUMNER W. FARNHAM and another.

June 21, 1882.

Deed left in Escrow before Time for Redemption Expired, but Delivered Afterwards.—A deed of quitclaim left with a stranger to be delivered when the inchoate title of the grantor should mature at the expiration of the time for redemption, and upon the payment of a certain sum of money equal to the amount due as upon a redemption of the premises, is to be considered as an escrow, and, in conformity with the intent of the parties, will be deemed to take effect as the deed of the grantor at the date of its final delivery and not before.

Plaintiff brought this action in the district court for Hennepin county to recover an indebtedness of $1,000, evidenced by three

promissory notes. The defendants, in their answer, admitted the
execution and delivery of the notes, alleged that they were given as
part of the purchase price of a lot sold by plaintiff to defendants by
deed of warranty, (the balance of the purchase price, $312, having
been paid in cash by defendants at the time of the sale,) and pleaded
an entire want of consideration because of the failure of plaintiff's
title; and they asked for judgment against plaintiff for the portion
of the purchase-money which had been paid.

A jury was waived and the action tried before *Young,* J., who
found, as facts, that the notes in suit and the sum of $312 paid to
plaintiff constituted the purchase price of a lot conveyed by plaintiff
to defendants, on April 1, 1878, by deed containing full covenants
of warranty; that at the time of this conveyance there were two valid
liens upon the lot, the first being a judgment for $438.70 in favor of
one Korns, and the second a judgment in favor of Averill, Russell &
Carpenter, for $132.38; that subsequently the lot was duly sold on
execution to Korns under his judgment, and the title thereby became
vested in him, subject to the right of redemption; that the year for
redemption expired October 5, 1879; that on October 1, 1879, Averill,
Russell & Carpenter filed notice of their intention to redeem under
Gen. St. 1878, c. 66, § 324, and on October 7, 1879, attempted such
redemption, but the evidence does not show it to have been made;
that on October 2, 1879, Korns and wife executed a quitclaim deed
of the lot, running to "John T. Averill, William A. Russell and
H. M. Carpenter, copartners as Averill, Russell & Carpenter, of St.
Paul, Minnesota," and sent the same to the First National Bank of
Minneapolis, to be held until the payment of the redemption money
by Averill, Russell & Carpenter; that upon the attempted redemption
on October 7, 1879, the redemption money was paid to the bank,
and the quitclaim deed delivered to Averill, Russell & Carpenter;
and that on March 10, 1880, Korns and wife executed and delivered
to plaintiff a quitclaim deed of the lot in question. On these facts,
judgment was ordered that plaintiff is entitled to no relief, and that
defendants recover $312, with interest and costs. Plaintiff appeals
from such judgment.

*Woods & Babcock,* for appellant.

The certificate of sale to Korns could only operate as a conveyance when the time for redemption had expired. Gen. St. 1878, c. 66, § 322. Till that time Korns had no title or conveyable interest in the property. *Hill* v. *Edwards,* 11 Minn. 5, (22;) *Gale* v. *Battin,* 12 Minn. 287; *Johnson* v. *Lewis,* 13 Minn. 364; *Greve* v. *Coffin,* 14 Minn. 345; *Everest* v. *Ferris,* 16 Minn. 26. The quitclaim deed from Korns to Averill, Russell & Carpenter contained no covenants and could only pass the title which Korns had at the time of its execution. *Marshall* v. *Roberts,* 18 Minn. 405; *Dunklee* v. *Wilton R. Co.* 24 N. H. 489; *McCarthy* v. *Mann,* 19 Wall. 20.

This quitclaim deed passed no title, because running to a partnership. *Tidd* v. *Rines,* 26 Minn. 201.

*Wilson & Lawrence,* for respondents.

VANDERBURGH, J. It is found by the trial court that John Korns, mentioned in the answer, the senior judgment creditor, who had bought in the land in dispute upon execution sale, did on the second day of October, 1879, and before the time of redemption expired, execute in due form a quitclaim deed of the same, running to John T. Averill, William A. Russell and H. M. Carpenter, copartners as Averill, Russell & Carpenter, and forwarded it to the First National Bank of Minneapolis, to be held by said bank till the payment of the redemption money by said Averill, Russell & Carpenter, who had a subsequent judgment lien on the premises. The time for redemption expired, and the title of Korns became absolute, October 6, 1879. On the next day the bank, having received the redemption money, delivered the deed to Averill, Russell & Carpenter, in pursuance of the understanding of the parties. This action is brought by plaintiff upon the promissory notes of defendants, made to him in consideration of a conveyance by him to them of the same land by deed with full covenants, but which, as it turned out, was subject to the judgment of Korns and Averill, Russell & Carpenter, and without the fault of defendants was lost to them, as the court finds, through the execution sale and the quitclaim deed of Korns, above mentioned. The plaintiff (who brings this appeal) did, on the tenth day of March,

1880, also procure a quitclaim deed of the premises from Korns, by which he claims to have acquired a title from him, which passed by estoppel to defendants. He contends that the prior deed to Averill, Russell & Carpenter, above described, was invalid, and this is the sole question presented for our consideration in the case.

Whether, when a deed is handed to a stranger to be delivered to the grantee at a future time, it is to be considered the deed of the grantor presently, or an escrow, to take effect on the further delivery to the grantee, is a question to be determined by the actual intent of the grantor, as gathered from the evidence. *Foster* v. *Mansfield*, 3 Met. 412; *Hathaway* v. *Payne*, 34 N. Y. 92. Here there is no doubt as to the intent of the parties. The deed was left with the bank as an escrow, and took effect as the deed of the grantor at the date of its final delivery, and not before; and whatever title Korns acquired under the execution sale passed to his grantees. *Jackson* v. *Catlin*, 2 John. 248; *Jackson* v. *Rowland*, 6 Wend. 666; *Cagger* v. *Lansing*, 43 N. Y. 550; *State* v. *Young*, 23 Minn. 551.

The grantees in the deed took presumptively as tenants in common. It is not material that they are described in the deed as partners.

The case appears to have been rightly determined, and the judgment should be affirmed.