C. E. CUMMINGS v. E. E. NEWELL.[1]

May 2, 1902.

Nos. 12,953—(156).

### Agreement by Agent to Sell—Date of Sale.

An owner of a tract of land bargained for its sale through a land agency. The agency executed in its own name a written agreement to sell, acknowledging the receipt of earnest money, describing the land, the purchase price, the amount to be paid, with a provision for deferred payments by the purchaser. The balance of the first payment was to be made on delivery of the deed and abstract. The acts of the agency were ratified by the owner of the land, who executed a deed in compliance with its terms, bearing date on the same day. *Held*, that the sale was legally concluded on the date of the contract, although the deed was not actually delivered into the hands of the purchaser until some time afterwards. *Held*, also, that the delivery of the deed by operation of law related back to its date.

### Value of Growing Crops.

Evidence in this case considered, and *held* to have justified the trial court in directing a verdict in favor of plaintiff for the value of the growing crops to which the vendor was entitled under a cropping contract with a third party made previous to the date of the deed, notwithstanding such deed may not have been received into the hands of the vendee until after the crops were harvested.

Action in the district court for Clay county to recover $349 for the conversion of wheat. The case was tried before Baxter, J., who directed a verdict for plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. A. Nye*, for appellant.

*William Russell* and *C. G. D. Johnson*, for respondent.

LOVELY, J.

This action is to recover for the conversion of crops grown upon lands purchased of defendant by plaintiff. At the close of the evidence the trial court directed a verdict for plaintiff for the amount claimed in his complaint. A motion was made to set

[1] Reported in 90 N. W. 311.

aside the verdict, and for judgment notwithstanding the same, or for a new trial in the alternative. From the denial of this motion defendant appeals.

The undisputed facts are as follows: Defendant was the owner of a tract of land in Clay county. Previous to the season of 1901 he had a cropping contract with a third party, whereby the land was to be cropped by the tenant for that season, the owner to have half as soon as harvested. On June 13 following, the Wheeler Land Company, for defendant, negotiated a sale of the land to plaintiff for upwards of $8,000. The agency on that day executed in its own name, and delivered to plaintiff, a written receipt for $400 as earnest money, to be applied in part payment for the land. By the terms of this agreement $2,600 was to be paid by the plaintiff on the delivery of the deed and abstract. A further clause in the agency contract provided for deferred payments and interest. The earnest money was paid. Plaintiff, who was a resident of Iowa, returned home, where the deed was to be forwarded and delivered through a local bank. In compliance with the terms of the agreement a deed was executed by the owner of the land bearing the same date as the agency contract, and forwarded to the bank at plaintiff's residence, with an abstract for immediate delivery. Upon an examination of the abstract at the bank, apparent defects in the title were discovered, and the deed was not actually received into the hands of plaintiff until such defects were rectified, which was some weeks afterwards. It may have been a question of fact, under the evidence, whether the actual delivery of the deed to plaintiff was before or after the crops had been harvested by the tenant, but when the same had been harvested defendant made claim to one-half, as the owner of the land, and they were turned over to him by the tenant. He sold and converted the proceeds to his own use, and in this action plaintiff recovered the value thereof.

It is not questioned by defendant that if the sale was fully completed on June 13, the date of the contract, and the deed had been delivered before the harvesting commenced, plaintiff was entitled to the share of the crops previously secured to the defendant as owner of the land under the cropping contract. But defendant

insists that the actual delivery of the deed into plaintiff's hands was essential to the latter's ownership of the share of the crops turned over to him by the tenant.   Upon the facts stated, it seems very clear that the sale of the land had been fully completed on June 13, which was before harvesting commenced.   Defendant had done everything on his part.   Payment and security by mortgage of the balance of the purchase money was all that remained open, and this was to be performed by plaintiff.   Not only was the agency contract ratified by the defendant, but the deed was made out and sent to the bank for immediate delivery.   The contract could have been enforced against the plaintiff, and there is no just or equitable reason why the fact that the deed had not actually been received by plaintiff should deprive him of any right in the land or its crops that would have accrued to him had.it been delivered when it was forwarded to the bank.   It is true, as a general proposition, that a deed does not take effect until its delivery, but this applies generally where, from the very nature of the sale, the delivery is an essential part of the same.   It could not be reasonably claimed that, had the defendant withheld the deed and refused to vacate the land, thus compelling plaintiff to enforce his contract by legal remedy which might take years, the right to the crops in the meantime would inure to the grantor's benefit, and permit him to take advantage of his own wrongful conduct in that respect.

The general rule applicable to these conditions is thus stated by a leading text writer:

"The question whether there was a delivery of a deed or not, so as to pass title, must in a great measure, where it is not clear that an actual delivery has been effected, depend upon the peculiar circumstances of each particular case.   The question of delivery is one of intention, and the rule is that a delivery is complete when there is an intention manifested on the part of the grantor to make the instrument his deed."   Devlin, Deeds, § 262.

Under the rule thus laid down, the deed, having been fully executed and sent by defendant to plaintiff's bank for delivery, the mere fact that the grantee delayed accepting it pending a further investigation of the title cannot give to the defendant any right of property in the emblements which he did not have before

the execution of the instrument, which is also presumed to have been the date of its delivery. But under such circumstances the actual delivery of the deed must be held to have taken place by relation as of the time it was executed, which was also the date of the agency contract and established the rights of the parties. Id. § 265. This view is supported by the following authorities: Stevens v. Hatch, 6 Minn. 19 (64); Tatge v. Tatge, 34 Minn. 272, 25 N. W. 596, 26 N. W. 121; Lindley v. Groff, 37 Minn. 338, 34 N. W. 26; Lee v. Fletcher, 46 Minn. 49, 48 N. W. 456.

The order appealed from is affirmed.