FRED KAMMRATH v. GEORGE KIDD.[1]

May 29, 1903.

Nos. 13,449—(72).

### Deed—Growing Crop.

Growing crops pass by a, conveyance of the land when there is no reservation in the deed.

### Reservation of Crop—Evidence.

Evidence offered to show that the retention of growing crops by the grantor, as a part of the consideration, is incompetent when no reservation thereof is made in the deed.

### Delivery of Deed.

Certain rulings of the court considered, and *held* error to refuse evidence as to the time when a deed should be delivered, and in holding that it was conclusively shown that the deed was to take effect upon payment of the amount due. The time the deed was to take effect was a question of fact for the jury.

Action in the district court for Martin county to recover possession of certain grain or for $150, the value thereof, and $40 damages for its detention in case possession could not be had. The case was tried before Quinn, J., and a jury, which rendered a verdict in favor of plaintiff for $116.62. From an order denying a motion for a new trial defendant appealed. Reversed.

*Knox & Faber*, for appellant.

*Allen & Ward*, for respondent.

LEWIS, J.

June 22, 1901, defendant was the owner of a certain farm, upon which was a growing crop of wheat and oats, put in by a tenant upon shares; a one-third interest going to the owner. An arrangement was entered into on that day by which it was agreed that the land should be sold to plaintiff, and pursuant to such arrangement, on July 1 of the same year, defendant executed a warranty deed in the usual form, and left it with a banker by the name of Broun, to whom plaintiff was to pay the money expressed in the

1 Reported in 95 N. W. 213.

deed as a consideration—$3,200. On the following July 9, defendant cut and removed from the premises a certain quantity of grass, and between July 19 and 22 he cut the grain. Plaintiff caused $1,600 of the money to be paid to Mr. Broun on July 9, and the remainder was paid on July 19, and the deed was delivered by Mr. Broun to plaintiff on July 29. At threshing time, defendant took possession of one-third of the grain, and, this action having been brought by the purchaser to recover its value, the trial court directed the jury to return a verdict for plaintiff for the value of the wheat and oats, and refused to submit the question of the value of the grass—taking the position that, under the evidence, plaintiff was not entitled to anything in that respect—and appeal was taken by defendant from an order denying a motion for a new trial.

1. Error is assigned upon the order of the court in refusing to admit oral testimony to the effect that, in addition to the money consideration expressed in the deed, appellant was to retain his interest in the growing crops. The testimony was refused upon the ground that it tended to change the terms of the contract as expressed in the deed. In this ruling we think the court was correct. In this state the law is settled that growing crops, such as wheat and oats, are attached to and become a part of the real estate, and are transferred by a conveyance of the land, unless expressly reserved. Erickson v. Paterson, 47 Minn. 525, 50 N. W. 699; Cummings v. Newell, 86 Minn. 130, 90 N. W. 311. The record is silent as to the nature of the preliminary contract, whatever it was, and we must assume that it was merged into the deed, which, according to its terms, carried the crops. The parol testimony offered was not admissible upon the ground that an agreement to retain the crops by the grantor was part of the consideration of the conveyance. The true consideration may generally be shown, but, when evidence offered for such purpose will have the effect to restrict the legal operation of the covenants, it is incompetent. Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399.

2. On July 1 the deed was handed by appellant to Mr. Broun, and appellant offered to show by him his instruction as to when

the deed should be delivered to respondent. Objection to the question was sustained upon the ground that it was a repetition, but the record does not show such to be the fact, and the testimony was competent for the purpose of showing when the deed was to be delivered. Notwithstanding the fact that the parties had embodied their agreement in the deed, with reference to the crops, yet they might have provided that the deed should not take effect until after the crops were severed from the land. It is claimed by respondent that the evidence is conclusive that the deed took effect prior to the time the crops were cut, because the entire amount of the consideration was paid before the crops were finally harvested. In the absence of any other evidence than the mere fact that the deed was executed and given to Mr. Broun to be delivered to respondent upon payment of the money, the respondent would have a reasonable time within which to make such payment; and, if payment were made within a reasonable time, then the delivery of the deed, or the time it took effect, would date back to the date of its execution. In such case, delivery as of the date of execution would be presumed. Cummings v. Newell, supra.

But although the payments were made prior to the time the crops were harvested, payment was not completed until nineteen days after the deed was given to Mr. Broun, and in the meantime the crops had matured and had to be taken care of; and since, according to the offer of evidence, the deed was not handed to Mr. Broun to be delivered unconditionally upon payment, but only within a certain time, we are of the opinion that it was a question of fact whether the deed was intended to take effect on July 1, relating back, upon payment, or on the date when it was actually delivered to respondent. This question was for the jury to determine, and it was error for the court to hold that respondent was entitled to the crops. This conclusion is not altogether free from doubt, and it would appear from the record that the attorneys on both sides had strenuously endeavored to avoid trying the case upon its merits, and allowing all the facts to be presented to the court; but we are inclined to the view that the court

should have received the testimony offered, and submitted to the jury the question as to when the deed was to take effect.

Order reversed and new trial granted.

START, C. J.

I concur in the result. My understanding is that a deed takes effect only from its delivery, and not from its date. When deposited in escrow, nothing passes by it until the condition is performed, and the title of the grantee dates only from the final delivery of the deed to him, except in cases where it is shown that the intention of the parties was otherwise, or the ends of justice required the application of a different rule. Andrews v. Farnham, 29 Minn. 246, 13 N. W. 161; Lindley v. Groff, 37 Minn. 338, 34 N. W. 26. Therefore it seems to me that the burden was upon respondent in this case to show that it was within the exception to the general rule stated.