## H. C. RUE v. FRED KUTZBACH.[1]

October 2, 1925.

No. 24,843.

**Good defense to replevin for owner's share of crops under cropping contract.**
In replevin for the owner's share of crops raised by defendant under a cropping contract, it is a defense, nothing else appearing, that before severance plaintiff conveyed the property, absolutely and without reservation of the crops, to a third party.

See Landlord and Tenant, 36 C. J. p. 712, § 1958 (Anno).

Action in replevin in the district court for Jackson county. The case was tried before Dean, J., who ordered judgment in favor of plaintiff.. Defendant appealed. Reversed.

*Faber & Grottum*, for appellant.

*O. Thoreson*, for respondent.

STONE, J.

Replevin for the owner's share of certain crops raised by defendant under a cropping contract. After trial without a jury, defendant appeals from the judgment for plaintiff for the value of the property.

The only point here is the claim for defendant that the decision for plaintiff is erroneous because in August, 1917 (the contract covering the crop season of that year), a time when it must be considered that the crops in question were still growing and unsevered from the land, the owner (since deceased, his personal representative being substituted as plaintiff), conveyed the premises to a third party, one Jennie Wickizer.

There is no evidence controverting or in any way cutting down the proof of that conveyance. It was by quitclaim deed, absolute and without, reservation by the grantor of the growing crops or any other right in the property. The deed was executed July 21

[1]Reported in 205 N. W. 262.

and was filed for record August 14, 1917. The presumption is that it was delivered and so became effective. Vessey v. Dwyer, 116 Minn. 245, 133 N. W. 613; Ingersoll v. Odendahl, 136 Minn. 428, 162 N. W. 525.

Where there is no reservation thereof, growing crops pass with a conveyance of the land. Kammrath v. Kidd, 89 Minn. 380, 95 N. W. 213, 99 Am. St. 603, and cases cited. Therefore, as this record stands, it must be assumed that the original plaintiff, then owner of the premises, divested himself by the deed of the title to the land and with it all of his interest in the growing crops. There is no proof to the contrary. Plaintiff had the burden of proof and no case without evidence of ownership. He could not depend upon the weakness of defendant's position. Nor does it help him that the statute of limitations may have run against whatever claim the grantee of the premises may have acquired in the 1917 crop. That circumstance obviously could not have reinvested the former owner with the title.

The decision for plaintiff being without foundation in the record, the judgment must be reversed.

So ordered.