# JULIUS W. WOJAHN AND ANOTHER v. ANNA FAUL AND ANOTHER.[1]

January 11, 1952.

No. 35,591.

*Bergsten & Bergsten,* for appellants.
*Finstad & Ruenitz* and *W. A. Lienke,* for respondents.

CHRISTIANSON, JUSTICE.

Appeal from an order sustaining plaintiffs' demurrer to defendants' counterclaim.

Plaintiffs, husband and wife, purchased a farm from defendants, husband and wife, upon contract for deed. The contract provided in part:

---

[1]Reported in 51 N. W. (2d) 97.

"This Contract includes the assignment of a present lease, which expires on March 1st, 1949. Possession is given as of this date, subject, however, to a present lease and the rights and privileges thereunder."

Subsequently plaintiffs paid the full purchase price, and defendants executed a warranty deed of the premises warranting against encumbrances, "Except a present farm lease, which expires April 30, 1949."

When plaintiffs attempted to take possession of the farm on May 1, 1949, the tenant resisted, claiming an oral extension of his lease from defendants. Litigation was commenced in which plaintiffs joined the present defendants as plaintiffs against the tenant, and which ultimately resulted in the present plaintiffs obtaining possession of the premises in December 1949.

On December 2, 1950, plaintiffs commenced this action for damages incurred as a result of their failure to obtain possession as agreed, alleging a breach of the contract for deed and of the warranties in the warranty deed. Defendants interposed a general denial and asserted a counterclaim for damages resulting from the necessity of joining in the litigation against the tenant. The counterclaim is based upon an alleged oral contract made subsequent to the contract for deed whereby plaintiffs agreed to save defendants harmless from all costs and expenses relating to obtaining possession of the land. Plaintiffs demurred to the counterclaim on the ground that it failed to state facts sufficient to constitute a cause of action. The appeal is from the trial court's order sustaining the demurrer.

■ Plaintiffs contend that defendants' counterclaim is deficient in two specific and vital respects; namely, that no consideration for the alleged subsequent contract is recited, and that an attempted oral modification of a contract for the sale of land is within the statute of frauds and void.

The counterclaim contains the following allegation:

"* * * That the plaintiffs promised the defendants that there would be no trouble, expense, embarrassment, suffering, bother, or worry to the defendants in said removal;

"That subsequent thereto the plaintiffs (vendees) have received the crop shares as agreed which would have been the vendors' share, save for the oral contract and agreement by and between the parties thereto in respect to the real estate transfer."

Plaintiffs concede that the recitation concerning the crop shares, standing alone, might be sufficient to spell out consideration for the alleged oral contract. However, they argue that they were entitled to the crop shares under the provisions of the contract for deed, since it contained an assignment of the lease then outstanding on the land.

It is true that in the absence of a provision to the contrary an assignment of the lessor's interest in a lease transfers the right to receive all rents accruing thereafter,[2] and that title to growing crops passes with title to the land.[3] However, there is nothing in the record before us to indicate whether the crop shares referred to were of such a nature. In light of the policy requiring liberal construction of the pleadings in favor of the pleader, and since no motion was made to strike the foregoing allegation of consideration as sham, we shall assume that defendants can prove that the crop shares were those to which they were entitled but for the alleged oral contract. That being so, we hold that there is a sufficient allegation of consideration.

■ In support of their second point, plaintiffs assert the general rule that modification of a contract required to be in writing by the statute of frauds is void unless it is also in writing. Even assuming that the oral contract must be regarded as a modification of the original contract for deed, the rule has no application to the oral contract alleged in defendants' counterclaim. The original contract has been executed. The oral agreement is itself a complete

---

[2]State v. Royal Mineral Assn. 132 Minn. 232, 156 N. W. 128; 4 Dunnell, Dig. & Supp. §§ 5419a, 5419b.

[3]Kammrath v. Kidd, 89 Minn. 380, 95 N. W. 213, 99 A. S. R. 603; Rue v. Kutzbach, 164 Minn. 366, 205 N. W. 262.

contract which has been completely performed on one side and which, standing alone, is not required to be in writing. On these facts, the statute of frauds has no application to the oral agreement, and it may form the basis of an action for damages. Blake v. J. Neils Lbr. Co. 111 Minn. 513, 127 N. W. 450; Hammel v. Feigh, 143 Minn. 115, 173 N. W. 570; see, 2 Corbin, Contracts, § 304, p. 99, note 21 and text; 2 Williston, Contracts (Rev. ed.) § 593, p. 1705, note 1 and text.

Accordingly, we hold that the trial court erred in sustaining plaintiffs' demurrer to defendants' counterclaim, and the order must be reversed.

Reversed.