**W. A. PHILLIPS et ux., Appellants,**

v.

**C. B. WOODARD et ux., Appellees.**

No. 7153.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 11, 1959.

Rehearing Denied Sept. 8, 1959.

Wm. Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellants.

Collins, Garrison, Renfrow & Zeleskey, James R. Cornelius, Jr., Lufkin, for appellees.

CHADICK, Chief Justice.

This is an appeal from a district court judgment in a breach of warranty suit. The judgment is affirmed.

A previous appeal, Phillips v. Woodard, Tex.Civ.App., 306 S.W.2d 229, n. r. e., resulted in a reversal of an instructed verdict judgment. Failure to submit issues of fact raised by pleading and evidence for jury determination was the basis of the reversal.

Appellees C. B. Woodard and Regina Woodard, his wife, as plaintiffs sued W. A. Phillips and Annie Laurie Phillips, his wife, as defendants to recover $5,000, cancel a promissory note in the sum of $2,200, and for interest, costs, etc. The sum of $5,000 and the note is alleged to represent the purchase price of a 1/32 of 7/8 over-riding royalty interest in minerals in a tract of land in Ouachita County, Arkansas, conveyed to Woodard by Phillips and wife. It is alleged the title warranted by Phillips failed and Woodard and wife were evicted from the land. The appellants defended on the theory that an assignment dated August 15, 1950 containing the warranty sued upon was a mere formality, and without consideration, and was obtained by Woodard for the purpose of claiming damages from Phillips for breach of warranty; the appellants alleging the right they transferred to Woodard passed by an agreement in the form of a letter dated December 23, 1949, and instruments attached, which taken together consummated the transaction between them.

Many of the basic facts are undisputed; reference is made to the former appeal, cited above, for the text of the several written instruments involved and a general outline of the controversy. Such additional facts necessary to explain the disposition of the present appeal will be made in the discussion that follows:

The appellants have briefed 9 points of error. Appellees have briefed 20 counter points. The first 3 counter points challenge the sufficiency of the assignments in the motion for new trial to support appellants' points 1, 3, 5, 6, 7, 8 and 9. Appellants' unchallenged points will be first considered.

Appellants' Point 2 read as follows:

"The trial court erred in failing to instruct a verdict for the defendants on their motion for an instructed verdict because the evidence shows as a matter of law a completed transaction on December 23, 1949, by the transfer of a right of assignment from the defendant, Wallace A. Phillips, to the plaintiff, C. B. Woodard, which shows

as a matter of law the absence of any consideration to support the instrument of August 15, 1950. (Plaintiffs' Exhibit No. 1)"

Whether or not the purchase by Woodard of the ½₂ of ⅞ over-riding royalty interest from Phillips on December 23, 1949 and Phillips' transfer of his right to such interest was a completed transaction was a warmly contested issue in the trial court. Appellant points to voluminous testimony on the basis of which he contends it is unreasonable to conclude otherwise than that the transaction was completed before execution and delivery of the assignment of August 15, 1950. Woodard as a witness testified that the transaction was not completed and that the letter of December 23, 1949 (the text of which is set out in 306 S.W.2d at pages 231–232) was not delivered to him, and the jury in response to a special issue found such letter was not delivered to Woodard by Phillips.

■] Upon the same pleadings and substantially similar testimony on the first appeal, this court held that a fact question was presented necessitating a reversal for determination of the fact by a jury. On this appeal this court will adhere to its former opinion that a fact question was presented. It follows that appellant does not show as a matter of law the transaction was completed on December 23, 1949 and the second point is respectfully overruled.

Appellants' Fourth Point is:

"The trial court erred in failing to instruct a verdict for the defendants on their motion for instructed verdict since the language of the instrument sued upon (Plaintiffs' Exhibit No. 1) by virtue of its terms has an effective date of first production at which time no liens or encumbrances of any kind or character existed or were capable of being perfected against the property described in Plaintiffs' Exhibit No. 1".

This point deserves discussion in detail; it presents a question which appellants by their counsel forthrightly say they are unable to support by any case directly in point.

In the assignment of August 15, 1950, (the instrument is set out in 306 S.W.2d at pages 232–233) the sentence containing the words of "grant", contains this language immediately following such words: "* * * this assignment to be effective as of the date of first production of oil and gas from the above described lands". In the following sentence is this language of general warranty: "And for the same consideration the undersigned for themselves, their heirs and assigns, do hereby covenant with the said assignee, his heirs and assigns, that they are the lawful owners of said leasehold estate and the rights and interests thereunder, and that they have good right and authority to sell and convey the same, and that said rights and interest in property are free and clear of all liens and encumbrances and that they will forever warrant and defend the title to same against the claims of all persons whomsoever". First production of oil and gas occurred on or before November 21, 1949. No liens or other encumbrances are shown to have existed at the date of first production. The assignment was delivered to Woodard on or about its date August 15, 1950 and there is no contention that the instrument is ambiguous.

Appellants' very able counsel argues that it is obvious that it was the intent of the assignors Phillips and wife that the assignment as a whole was to be effective as of the date of first production as is clearly stated in the instrument. It is asserted that a distinction should be made between the effective date of the transfer of title and the effective date from which an instrument speaks; that title passes on execution and delivery but that an instrument speaks from any date the parties designate, assuming no intervening rights are affected. In support of this argument 26 C.J.S. Deeds § 94, p. 854, and Grey v. Beard, 1913, 66 Or. 59, 133 P. 791 and Cummings v. Newell, 86 Minn. 130, 90 N.W. 311, are cited. The

problem here to be solved arises out of the language used by Phillips and wife in making the assignment. It is: what was the intention of the Phillips as grantors.

 It is to be observed that the language of the warranty is that commonly used in conveyancing and is in the present tense. By citing Bond v. Bumpass, Tex.Civ. App., 100 S.W.2d 1047, affirmed 131 Tex. 266, 114 S.W.2d 1172, and Stonum v. Schultz, Tex.Civ.App., 138 S.W.2d 825, appellant recognizes that a warranty does not constitute a necessary part of a conveyance proper and does not strengthen, enlarge or limit the title conveyed, but is a separate contract and collateral undertaking on the part of the grantor to pay the grantee damages in the event of failure of title. Consideration of the instrument leaves no room for an interpretation that the warranty was not intended to apply as of the date of its execution. The general rule is that a deed takes effect between the parties when it is delivered by the grantor and accepted by the grantee. See Steed v. Crossland, Tex.Civ.App., 252 S.W.2d 784, wr. ref. The intention of the Phillips grantors that the warranty be effective from and after delivery and acceptance is indicated by the fact that of the several constituents of the assignment only the grant was qualified and taken out of the general rule regarding the effective date of a conveyance and made to relate back to a prior date. No collateral undertaking or stipulation of the instrument is so purposefully treated and in clear language removed from the general rule. This change as to the grant shows that a change of the instrument with reference to the general rule had the consideration of the grantors and since only that part dealing with the grant was changed the grantors' intention not to change the collateral provisions is clearly manifest.

 The Supreme Court in Duff v. Matthews, 311 S.W.2d 637, at page 641, says: "Rights claimed in derogation of warranties are implied with great caution, hence they should be made clearly to appear". A reasonable corollary of the rule would be that "rights claimed as being outside the operation of the warranty are implied with great caution, hence they should be made clearly to appear". If the parties meant the warranty was to apply on a date different from execution and delivery it was necessary that such intention be made clear. Appellants' fourth point is overruled.

Although appellee insists by counter points 1, 2 and 3 that appellants' other points of error cannot be considered on appeal, such points have been examined thoroughly and the record, the brief, authorities cited and argument by the appellant have been considered fully. The conclusion is reached that reversible error is not shown; and all of appellants' points are respectfully overruled and the judgment is affirmed.