[L. A. No. 4754. In Bank.—January 2, 1919.]

## MATTHEW BAILEY, Plaintiff and Respondent, v. SECURITY TRUST COMPANY, Defendant and Appellant; MATTHEW S. PLATZ, Intervener and Appellant.

ESCROW—DELIVERY OF STOCK—NATURE OF TRANSACTION.—In this action to recover the possession of a certificate of stock and certain documents relating thereto which had been delivered to the defendant with a letter of instructions, it is held that the documents when all read together constituted an escrow so as to entitle the defendant to hold the stock in accordance with the letter of instructions or to deliver the stock as provided by the terms of said documents, and not, as contended by plaintiff, a mere revocable agency to sell the stock.

ID.—NAME OF TRANSFEREE—OMISSION TO NAME IN ASSIGNMENT—VALIDITY OF ESCROW.—The fact that an option to purchase and an assignment of shares of stock which were deposited in escrow do not contain the name of any transferee does not affect the validity of the transfer, for the purposes of the escrow, where from other escrowed documents the name of the transferee is ascertainable, and the stock itself properly indorsed was delivered with and attached to the documents.

ID.—AGREEMENT TO PAY TRANSFEREE COMMISSION—VALIDITY OF ESCROW. The fact that the owner of stock deposited in escrow with an option and assignment of the same also gave the intended transferee an agreement for a commission, and an order on the escrow-holder to pay such commission, did not destroy the character of the option and make it simply an agency for the sale of stock upon commission.

ID.—PROCURING OF OPTION BY ATTORNEY—LACK OF BAD FAITH.—The mere fact that an attorney secured an option and assignment of corporation stock from his client at the price of sixteen thousand dollars, when the real value was eighteen thousand dollars, does not show bad faith or misrepresentation, in the absence of any finding that the client was deceived as to the value.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

J. W. Wiley and Wiley & Lambert, for Defendant and Appellant.

C. E. Arnold, for Intervener and Appellant.

E. L. Foster, Chas. A. Barnhart, Geo. E. Whitaker, Sullivan & Sullivan and Theo. J. Roche, Leon E. Morris, and M. C. Lynch, for Plaintiff and Respondent.

Heller, Powers & Ehrman, *Amicus Curiae.*

RICHARDS, J., *pro tem.*—This action was commenced by the plaintiff against the defendant Security Trust Company and certain fictitious defendants to recover the possession of a certificate of stock for 4,166⅔ shares of the capital stock of the Kern Mutual Telephone Company, a corporation, and also of certain documents relating to said stock, which the plaintiff alleged had been delivered by him to said defendant corporation, and the possession of which was being unlawfully withheld by it from plaintiff, who at all times since its said delivery had been entitled thereto. The stock was alleged to be of the value of eighteen thousand dollars, for which sum the plaintiff demanded an alternative judgment, with costs and damages, in the event a redelivery of the same could not be had. The answer of the Security Trust Company, while admitting the delivery to it by plaintiff of the stock and documents in question, denied that it unlawfully held the same or that the plaintiff was entitled to their possession; and in support of such denial alleged that on the sixteenth day of May, 1913, the said plaintiff, together with one Matthew S. Platz, had delivered to it the stock and other documents in question, accompanied by the following letter of instruction, viz.:

"Bakersfield, California, May 16, 1913.
"Security Trust Company,
    "Bakersfield, Cal.
"Sirs:
    "We hand you herewith option to purchase, and assignment executed by Matthew Bailey. You will kindly hold the same to the first day of September, 1913, unless sooner exercised, at which time, if not exercised, you will redeliver the same to Matthew Bailey. There is also handed you herewith certificate of stock of Matthew Bailey for 4166⅔ shares of the capital stock in the Kern Mutual Telephone Company. In the event that the said Matthew S. Platz, or his assigns shall deliver to you for the benefit of Matthew Bailey on or

before the first day of September, 1913, the sum of $16,000 lawful money of the United States, then you will deliver to him or his said assigns the said assignment together with the certificates of stock.

> "MATTHEW S. PLATZ,
> "MATTHEW BAILEY."

The said defendant further averred that subsequently to the delivery to it of said stock and papers, and on July 23, 1913, the said Matthew S. Platz had tendered to said defendant the sum of sixteen thousand dollars, and demanded from it the delivery to him of the stock and papers referred to in said letter of instruction; wherefore the said defendant prayed that the plaintiff take nothing by his action, but that said defendant recover certain costs and expenses incurred by it in defending its right to the possession of said property.

The said Matthew S. Platz, shortly after the commencement of said action, filed a complaint in intervention therein, wherein he set forth that on or about the sixteenth day of May, 1913, while the said plaintiff, Matthew Bailey, was the owner of the stock in question, he had for a valuable consideration made, executed, and delivered to said intervener a written option to purchase the same in the words and figures following, to wit:

"For and in consideration of the sum of Five Dollars, the receipt of which is hereby acknowledged, I hereby give and grant to Matthew S. Platz, of Bakersfield, Kern County, California, the option to purchase on or before the first day of September, 1913, all of my right, title and interest in and to the shares of stock distributed to me in the estate of said John E. Bailey, deceased, in the Kern Mutual Telephone Company, a corporation, together also with all of my right, title and interest distributed to me in the estate of said John E. Bailey, deceased, in and to that certain contract and agreement entered into among the said J. E. Bailey, Phil Blankenship, and James T. McGuire, on the 22nd day of September, 1911, regarding the division of the shares of stock in the said Kern. Mutual Telephone Company, also all of the right, title and interest distributed to me in the estate of said John E. Bailey deceased, in, to and under that certain other agreement made on the said 22nd day of September, 1911, among C. S. Garfield, Grace M. Garfield, J. E. Bailey, Phil Blankenship, and

James T. McGuire, regarding the purchase of certain shares of and from the said C. S. Garfield, and Grace M. Garfield, which said agreement herein mentioned, and also the shares of stock in said Kern Mutual Telephone Company, in said agreements mentioned, is now in escrow in the First National Bank of the City of Bakersfield, Kern County, California.

"Said shares of stock and all the interest in said Kern Mutual Telephone Company herein mentioned may be purchased under this option for the sum of Sixteen Thousand Dollars, lawful money of the United States, cash at the exercise of this option.

"It being understood that this option to purchase may be exercised by the said Matthew S. Platz by depositing by him or by his assignees, with the Security Trust Company of the City of Bakersfield, Kern County, California, the said sum herein mentioned.

"Witness my hand, this the 16 day of May, A. D. 1913.
                                "MATTHEW BAILEY."

The intervener further alleged that at the same time of the execution and delivery to him of the foregoing option to purchase said property, the said plaintiff, Matthew Bailey, had executed the following assignment of said property, viz.:

"For and in consideration of the sum of Five Dollars, the receipt of which is hereby acknowledged, I hereby sell, transfer, and set over all of my right, title and interest in and to the shares of stock distributed to me in the estate of John E. Bailey, deceased, in the Kern Mutual Telephone Company, a corporation, together also with all of my right, title and interest distributed to me in the estate of said John E. Bailey, deceased, in and to that certain contract and agreement entered into among the said J. E. Bailey, Phil Blankenship and James T. McGuire on the 22nd day of September, 1911, regarding the division of the shares of stock in the said Kern Mutual Telephone Company, also all of the right, title and interest distributed to me in the estate of said John E. Bailey, deceased, in, to and under that certain other agreement made on the said 22nd day of September, 1911, among C. S. Garfield, Grace M. Garfield, J. E. Bailey, Phil Blankenship, and James T. McGuire, regarding the purchase of certain shares of and from the said C. S. Garfield and Grace M. Garfield, which said agreement, together with that certain other agree-

ment herein mentioned, and also the shares of stock in said Kern Mutual Telephone Company, in said agreements mentioned, are now in escrow in the First National Bank of the City of Bakersfield, Kern County, California.

"Witness my hand, this the 16 day of May, A. D. 1913.

"Matthew Bailey."

The intervener further alleged that on or about May 16, 1913, the said plaintiff and the said intervener placed in escrow with the defendant, Security Trust Company, the said option and the said assignment, together with the certificate of stock in question, accompanying the same with the written escrow instructions set forth in the answer of the said defendant, Security Trust Company, which said Trust Company then and there accepted and since held in such escrow. The intervener alleged that he had on July 23, 1913, tendered to said Security Trust Company the sum of sixteen thousand dollars and demanded the delivery to him of the said certificate of stock and said assignment, but that the said Security Trust Company had refused to comply with such demand; wherefore the intervener, alleging that he had performed all of the terms and conditions of said escrow to be by him performed, prayed judgment for the possession of said property. To this complaint in intervention the plaintiff, Matthew Bailey, filed his answer, admitting that he had executed and delivered the documents set forth in the said answer of the defendant Security Trust Company and in the complaint in intervention, but denied that the same constituted either an assignment, an option, or an escrow in respect to said property. He also denied that he had received any consideration for the same, and alleged that the said documents were prepared by the said intervener, and signed by the said plaintiff, without any knowledge by the latter of the contents of said instruments, but that he signed the same on account of representations made to him by said intervener at the time. He also denied that the Security Trust Company had been delivered, or had received, or accepted, said stock and documents in escrow, or that it was entitled to hold the same. He further denied that the sum of sixteen thousand dollars was a just or adequate value of said properties, and denied that the said intervener had performed the conditions of the said agreements to be by him performed.

The plaintiff further alleged in his said answer to the complaint in intervention that in the month of April, 1913, the said plaintiff had employed the said intervener as his attorney for the purpose of having the latter inform said plaintiff as to the value of the stock in question, and that the said plaintiff had relied upon and accepted as true the statements of said intervener, as his said attorney, that the said stock was only worth the sum of sixteen thousand dollars at the time of his signature of said documents, and that subsequently the said plaintiff had been offered and had accepted the sum of eighteen thousand dollars for said stock. The plaintiff also alleged that his understanding and purpose in the signature and delivery of said document were that they should not constitute an option giving said intervener himself the right to purchase said stock, but that they simply, according to the intervener's representation, amounted to an agreement making the intervener his agent for the sale of said stock, and giving the intervener a commission of five per cent upon such sale by him of said property.

The cause went to trial upon the issues presented by these respective pleadings, and upon said trial the foregoing documents were produced and presented in evidence. It appeared that said documents had, at the time of their delivery to and acceptance by the defendant, Security Trust Company, been accompanied by two other documents which read respectively as follows:

"It is agreed that I will pay to Matthew S. Platz, the commission of five per cent, upon the sale or disposition of all of my interest in the Kern Mutual Telephone Company, a corporation, as per that certain option entered into between the said Matthew S. Platz and myself regarding said interest on the 16 day of May, 1913.

"MATTHEW BAILEY."

"To the Security Trust Company, Bakersfield, Cal.
"Sirs:

"You are hereby instructed to pay to Matthew S. Platz, of Bakersfield, Cal., out of the money coming to me for the sale of my interest in the Kern Mutual Telephone Company as by the certain option entered into between said Matthew S. Platz and myself on the 16 day of May, 1913, five per cent commis-

CLXXIX Cal.—35

sion and that you are to take the said amount out of the money coming to me.

"MATTHEW BAILEY."

It also appeared that all of the foregoing documents had been joined together in one cover, which was indorsed on the back, "Option, Letter of Instructions to Security Trust Company, Assignment, and Agreement to pay Commission, between Matthew Bailey and Matthew S. Platz." It also appeared in evidence that while the certificate of stock, to which these documents referred as having been delivered with them, was not in fact so delivered until several days after their deposit with the Security Trust Company, it was at length so delivered by said plaintiff, Matthew Bailey, and was then attached to the other documents.

Upon the trial of the cause, the plaintiff, Matthew Bailey, did not appear as a witness, and no evidence was offered on his behalf supporting the averments of his complaint as to any misrepresentations made by the intervener as his attorney, to him, as to the value of the stock or the import and contents of the documents which were executed by him; on the other hand, the intervener testified that while he was, in respect to certain other matters, the attorney for Matthew Bailey, at the time of the transaction in question, he made no misrepresentations upon either subject to him, and that as to the contents of the documents in question they were dictated by him to his stenographer in the presence and hearing of said Matthew Bailey and he was given copies of the same, which he took and retained after the signature of the originals and their delivery in escrow. The intervener also testified, without contradiction, as to the consideration for the execution and delivery of these documents. There was no evidence offered which in any wise tended to show that the defendant, Security Trust Company, had any knowledge as to the relations or understandings between the plaintiff and the intervener, other than those which the face of the documents delivered to it imported.

The cause having been submitted to the trial court for decision, it filed its findings of fact and conclusions of law in favor of the plaintiff and against both the defendant, Security Trust Company, and the intervener, Matthew S. Platz, finding that the documents executed between said plaintiff and said intervener did not constitute an option to purchase the

stock in question in favor of said intervener, but that the same were to be construed to be merely an agency authorizing said intervener to sell said stock to other persons for the price of sixteen thousand dollars, which agency was revocable at any time at the will of the plaintiff; and that the delivery of said documents, together with the letter of instruction to the Security Trust Company, did not constitute an escrow so as to entitle the said Security Trust Company to hold said stock in accordance with said letter of instruction or to deliver said stock to said intervener as provided by the terms of said documents; but that the Security Trust Company held said documents and said stock subject to the right of the plaintiff at any time to demand and receive their possession. The court further held that the sum of sixteen thousand dollars was not a fair or adequate value of the property described in said documents, but that the value thereof was not less than eighteen thousand dollars. The court accordingly rendered its judgment that the plaintiff do have and recover the possession of the said stock and of the assignment thereof from the said defendant, Security Trust Company, or the sum of eighteen thousand dollars, in case delivery could not be had, together with costs as against both said defendant and said intervener.

From this judgment two appeals have been taken, one by the said defendant and said intervener, the other by the plaintiff, claiming that the court should have given to said plaintiff a further judgment for interest upon the sum of eighteen thousand dollars, as damages for the withholding of said stock from said plaintiff from and after the fifth day of June, 1913, the date of his demand therefor. The trial court also denied the motions of the defendant and the intervener for a new trial.

Dealing with the first of these appeals, in so far as the rights and liabilities of the defendant, Security Trust Company, are involved therein, we are satisfied that upon the record before us the findings and judgment of the trial court cannot be sustained. The rights and liabilities of the said defendant, Security Trust Company, are to be determined by the face of the several documents of which, by the written agreements between the plaintiff and the intervener, it was made the custodian and charged with the duty set forth in their letter of instruction. These documents are all to be

read together and when so read they amount, in our opinion, as a matter of clear and unmistakable construction, to the creation of an escrow, based upon an option to purchase, by the express terms of which escrow the said defendant, Security Trust Company, was to receive and hold, and did, in fact, receive, accept, and hold the said certificate for 4,166⅔ shares of the capital stock of the Kern Mutual Telephone Company in escrow, charged by its letter of instruction to deliver the same to Matthew S. Platz on or before the first day of September, 1913, provided that said Matthew S. Platz, or his assigns, should on or before said date deliver to said Security Trust Company the sum of sixteen thousand dollars for the benefit of said plaintiff, Mathew Bailey. Section 1057 of the Civil Code provides that "a grant may be deposited by the grantor with a third person, to be delivered on performance of a condition, and, on delivery by the depositary, it will take effect. While in the possession of the third person, and subject to condition, it is called an escrow." By section 1053 of the Civil Code the term "grant" is made to apply to every transfer in writing, and hence to transfers of personal property. The foregoing documents, when read together, clearly contemplate a transfer of the stock in question to Matthew S. Platz, or his assigns, upon the fulfillment of the condition prescribed therein and the delivery of such stock, with its accompanying documents, to the depositary constituted an escrow within the intent and meaning of the foregoing sections of the Civil Code. The cases of *Miller* v. *Sears,* 91 Cal. 282, [25 Am. St. Rep. 176, 27 Pac. 589], *Fitch* v. *Bunch,* 30 Cal. 209, and the recent case of *Holland* v. *McCarthy,* 173 Cal. 597, [160 Pac. 1069], are not in point upon this question, since each of those cases had reference to transactions which were inchoate in character, and not to transactions like that in the instant case, where nothing remained to be done except the fulfillment of the agreed condition and the delivery of the property by the escrow-holder in accordance with its express letter of instruction. The only two contentions worthy of mention which the respondent in this first appeal makes against the foregoing construction as to the nature of this transaction are these: First, that the document which purports to be a transfer of the right, title, and interest of the plaintiff in said stock does not contain the name of any transferee, and hence does not constitute a valid

assignment or transfer thereof.  But conceding that this
would be correct if the said document was to be construed
alone, when all of these several documents are construed
together, the conclusion is irresistible that the said Matthew
S. Platz, or his assigns, was intended to be, and was, in fact,
in one or the other of these documents stated to be, the trans-
feree thereof.  In addition to this showing, the stock itself,
properly indorsed, was delivered with and attached to these
several documents; and this being so, had there been no other
or separate instrument purporting to be an assignment
thereof, such delivery to the escrow-holder would of itself
have been sufficient to constitute a transfer thereof for the
expressed purposes of such escrow.  This contention, there-
fore, has no merit.  The second contention of the respondent
is that the two documents by the terms of the first of which
the plaintiff agreed to pay "to Matthew S. Platz a commission
of five per cent upon the sale or disposition of all of my in-
terest in the Kern Mutual Telephone Company as per that
certain option, etc.," and by the terms of the second of which
the Security Trust Company was instructed to pay said
Matthew S. Platz said five per cent commission out of money
coming to him as a result of the exercise of said option, de-
stroyed the character of the option and escrow by rendering
the former simply an agency for the sale of said stock upon
commission.  We cannot agree with the contention of the re-
spondent in this regard in so far as the rights and liabilities
of the defendant, Security Trust Company, are concerned.
The latter as the escrow-holder was entitled to have its mutual
obligation to each of the parties to the intended transfer of
the stock in question determined by a fair and liberal con-
struction of the documents themselves, in the absence of a
showing of any knowledge on its part of the relations or deal-
ings between the parties other than as disclosed in the writings
committed to its charge.  Were it otherwise there would be
an end to the common and convenient practice, which has of
recent years found general acceptance in the business world,
of consummating transfers of real and personal property
through deposits in escrow.  In the instant case the letter of
instruction to the escrow-holder explicitly describes the docu-
ments delivered with it as constituting an "option to pur-
chase," and as an "assignment executed by Matthew Bailey,"
and also explicitly declaring the condition upon the fulfill-

ment of which the "said assignment together with the said
certificate of stock" are to be delivered by the said escrow-
holder to Matthew S. Platz, or his assigns. To hold that a
mere subsidiary agreement between the parties to the pro-
posed transfer providing that, after its consummation, a
certain percentage of the purchase price to be paid by
Matthew S. Platz, or his assigns, into the hands of the escrow-
holder in performance of the condition of the option and
escrow, was to be repaid to him as a commission should have
the effect of nullifying the letter of instructions and destroy-
ing the obvious intent and explicit terms of the main docu-
ment and agreements between the parties, would be to violate
a most essential rule governing the construction of written
instruments, by giving to a minor portion of the agreements
between the parties an implied meaning and effect contradict-
ing the express terms of the main agreements between them
and rendering abortive the very option and escrow out of the
fulfillment of which the commissions provided for in the
minor stipulations between the original parties to the trans-
action were to flow. As to the escrow-holder, no such con-
sequence should be permitted, if its avoidance is possible by
such a construction of the agreements between the parties as
shall give effect to all their terms and carry out the main and
the express purpose of their creation; and this is done by the
interpretation of the several instruments embraced in this
escrow which we have above given. This being so, the trans-
action between the original parties being on the face of the
documents before us a valid option to purchase the stock in
question, and the delivery of said documents with said stock
and with their attached letter of instruction to the depositary
constituting a valid escrow, it follows that as to the Security
Trust Company the judgment herein must be reversed.

As to the appellant, Matthew S. Platz, it is insisted by the
respondent herein that a different conclusion as to the nature
of the transaction between himself and the plaintiff must be
reached. In making this contention the main reliance of the
respondent is upon several considerations alleged to have
existed outside of the face of the agreements. These consid-
erations, according to the plaintiff's pleadings, were that at
the time of making of the agreements between the plaintiff
and the intervener the latter was the attorney of the former
in regard to certain matters connected with his possession and

ownership of said stock, and that, as such attorney, the said Matthew S. Platz made certain misrepresentations as to the value of said stock, and also as to the contents of the documents which he had drawn, giving him the option to purchase the same at the price he had represented it to be worth, upon which misrepresentations the plaintiff had relied in the execution and delivery of said documents. The plaintiff also alleged that there was no consideration for the giving of the option in question. In so far as the relation between the parties of attorney and client is concerned we know of no rule preventing dealings of this character between them in the absence of a showing of unfaith or unfairness on the part of the attorney. In so far as the alleged misrepresentations as to the value of the stock in question and as to the contents and meaning of documents creating the option to purchase said stock, the evidence entirely fails to sustain the averments of the plaintiff as to these matters. The plaintiff himself, by whom these matters, if they existed, might have been proven, did not take the witness-stand. The intervener, as a witness, assuming the burden which the law cast upon him as the attorney for the plaintiff, at the time expressly denied any misrepresentations made by him as to either of said matters or the existence of any unfairness therein. The court made no finding thereon. It is true that the court did find that the sum of sixteen thousand dollars was not the fair or adequate value of the stock in question at the date of the creation of the option, but the court makes no finding indicating that the plaintiff was in any way deceived in that regard. Upon the issue of consideration the court found against the plaintiff. It thus appears that there is neither any evidence nor any finding which would justify the trial court, or this court, in arriving at any different conclusion upon the construction to be placed upon the documents in question as between the plaintiff and the intervener than that above arrived at in relation to the rights of the escrow-holder.

Judgment and order reversed.

Victor E. Shaw, J., *pro tem.*, Wilbur, J., Sloss, J., Lorigan, J., Melvin, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.