[No. 7186.   Decided June 3, 1908.]

FRANK A. MANNING, *Appellant*, v. HENRY FOSTER *et al.*,
*Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—SALE BY HUSBAND—
ASSENT OF WIFE—ESCROWS—EVIDENCE—SUFFICIENCY. In an action
to compel the specific performance of an escrow agreement to de-
liver a deed for community lands, the fact that the wife called and
signed the deed while in escrow is sufficient evidence that she knew
of and assented to the terms of the sale.

FRAUDS, STATUTE OF—SALE OF LAND—MEMORANDUM—ESCROWS—
EVIDENCE OF CONDITION. The conditions upon which a deed is de-
livered in escrow need not be evidenced by a written memorandum
in order to satisfy the statute of frauds relative to the sale of lands;
but may be shown partly by writing and partly by parol.

ESCROWS—LEGALITY—CONDITIONS RESTING IN PAROL—EVIDENCE—
SUFFICIENCY—SPECIFIC PERFORMANCE. There is a legal escrow agree-
ment that may be specifically enforced, where the deed was deposited
in escrow in a bank to be subsequently executed by the wife, which
was done, and at the same time money, notes and warrants were like-
wise deposited by the grantee, the warrants to be endorsed by one
who was temporarily absent, who endorsed the same within a rea-
sonable time, although the papers were only accompanied by an
unsigned memorandum, as of a "special deposit," reciting that the
deed was to be delivered on payment of the deposited consideration,
the other conditions of the escrow resting on parol.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered October 26, 1907, upon sustaining a
motion for nonsuit, dismissing an action for specific perform-
ance.   Reversed.

*Troy & Falknor*, for appellant.
*Reynolds & Stewart*, for respondents.

ROOT, J.—This was an action to enforce specific perform-
ance of an alleged escrow agreement.   On the 18th of De-
cember, 1905, the defendant Henry Foster executed a deed for
the land in question, at a consideration of $4,500, and by

[1]Reported in 96 Pac. 233.

agreement with plaintiff placed said deed in escrow with certain bankers in Chehalis. With the deed there was deposited cash in the sum of $2,854.63, a promissory note for $500, and certain warrants amounting to $1,145.37, a total of $4,500. It was understood that the wife of defendant was to come and sign and acknowledge the deed, and that the warrants were to be indorsed by one J. R. Welty. When Mrs. Foster should sign the deed and the warrants should be indorsed by Mr. Welty, the deed was to be delivered to the appellant and the money, note, and warrants were to be turned over to respondents. The deposit of these instruments and money was accompanied with a memorandum as follows:

Deposited with Coffman, Dobson & Co., Bankers, Chehalis, Washington.

Special Deposit.

By Henry Foster, December 18, 1905.

Patent & Warranty Deed for delivery (when signed) to Frank A. Manning on payment of

Cash ................................$2854.63
Note ...:........................... 500.00
3 R & B Warrants
No. 2611, 2610 & 2609................. 1145.37
                                     _____
Total .......................4500.00

J. W. A .

Some days after the deposit, Mrs. Foster called and signed and acknowledged the deed. Mr. Welty, being a state official with office at Olympia, was seldom in Chehalis, but was expected to be there some time during the Christmas holiday season. He came on Christmas, but the bank not being open, was unable to sign the warrants at that time, and returned to Olympia without doing so. A few days afterward, without the consent of the appellant, the respondent Henry Foster withdrew the deed from said bankers. Shortly thereafter said Welty indorsed said warrants, and the appellant demanded of respondents the delivery of the deed. They refused to deliver the deed; whereupon this action was commenced. Upon the trial the facts as hereinbefore set forth

were established by the evidence of appellant.  Thereupon a motion for nonsuit was made by respondents, and the same sustained by the trial court.  From a judgment of dismissal, this appeal is prosecuted.

We are unable to reach the conclusion announced by the honorable trial court.  It is urged that this was community property, and that there was no evidence that Mrs. Foster had any knowledge or information of the agreement between the plaintiff and Henry Foster, her husband.  The fact that she came to the bank and signed and acknowledged the deed, after it had been left there pursuant to the agreement between her husband and appellant, would seem to be satisfactory evidence that she understood and was assisting to carry out the agreement.

It is urged that there was no valid or written contract by the defendants, or either of them, to convey the lands, and that there was no sufficient memorandum to satisfy the statute of frauds.  In the case of *Nichols v. Oppermann*, 6 Wash. 618, 34 Pac. 162, this court said: "The condition upon which a deed is delivered in escrow may rest in and be proved by parol."  In *Bronx Inv. Co. v. National Bank of Commerce*, 47 Wash. 566, 92 Pac. 380, this court held that an escrow agreement need not be in writing.  At page 586, 16 Cyc., it is said: "Parol evidence is permissible to prove the condition upon which the instrument is deposited."

In the case of *Gaston v. Portland*, 16 Ore. 255, 19 Pac. 127, the court said:

"Nor is it necessary that the condition upon which the deed is delivered in escrow be expressed in writing; it may rest in parol, or be partly in writing and in part oral.  The rule that a contract in writing *inter partes* must be deemed to contain the entire agreement or understanding has no application in such case."

In 11 Am. & Eng. Ency. Law (2d ed.), at page 334, it is said: "It may be stated as a general rule that no particular form of words is necessary to constitute an escrow."

In *Cannon v. Handley*, 72 Cal. 133, 13 Pac. 315 the court spoke as follows:

"But it is said there was nothing in writing authorizing Cox to hold or deliver the deed. There is nothing in the statute which requires this to be in writing The statute only requires a note or memorandum in writing as evidence of the contract. Nothing in it has reference to any arrangement for the delivery of the deed in escrow, or its subsequent delivery by the parties so holding it to the grantee."

In *Stanton v. Miller*, 58 N. Y. 192, the court used this language:

"The condition upon which a deed is delivered *in escrow* may be expressed in writing or rest in parol, or be partly in writing and part oral. The rule that an instrument or contract made in writing *inter partes*, must be deemed to contain the entire agreement or understanding, has no application."

Of course this does not mean that a written escrow agreement can be varied by parol. *Pacific Nat. Bank of Tacoma v. San Francisco Bridge Co.*, 23 Wash. 425, 63 Pac. 207. See, also, *Carstens v. McReavy*, 1 Wash. 359, 25 Pac. 471; *Glenn v. Hill*, 11 Wash. 541, 40 Pac. 141; *Horr v. Hollis*, 20 Wash. 424, 55 Pac. 565; *Monfort v. McDonough*, 20 Wash. 710, 54 Pac. 1121; *Western Timber Co. v. Kalama River Lumber Co.*, 42 Wash. 620, 85 Pac. 338, 114 Am. St. 137; *Peirce v. Wheeler*, 44 Wash. 326, 87 Pac. 361; 16 Cyc. 570, 576-7; Daniel, Negotiable Instruments, § 68; *Thoraldson v. Everts*, 87 Minn. 168, 91 N. W. 467; *Lindley v. Groff*, 37 Minn. 338, 34 N. W. 26; *Brown v. Munger*, 42 Minn. 482, 44 N. W. 519; *Perry v. Paschal*, 103 Ga. 134, 29 S. E. 703; *Engler v. Garrett*, 100 Md. 387, 59 Atl. 648; Browne, Statute of Frauds (5th ed.), 366.

In the case at bar the deed of conveyance having been duly executed by the defendants and deposited at the same time plaintiff deposited his money, note, and warrants, all accompanied by the written memorandum above set forth, and said

warrants having been properly indorsed within a reasonable time, we think there was a legal escrow agreement and a compliance by appellant with his part thereof, and that defendants should be held to their agreement, unless then can show other reasons than now appear in the record for not so doing. We think oral testimony was permissible under the circumstances of this case to show what the agreement of the parties was as to delivery of the deed, and that the evidence introduced establishes an escrow agreement binding upon the parties.

The judgment of the honorable superior court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

HADLEY, C. J., DUNBAR, MOUNT, CROW, and RUDKIN, JJ., concur.