[No. 8235.   Department One.   January 26, 1910.]

FRANK J. KING et al., *Respondents*, v. HERBERT S. UPPER, *Appellant*.[1]

SPECIFIC PERFORMANCE—REAL ESTATE—ORAL SALE—FRAUDS, STATUTE OF.  Specific performance for the sale of standing timber cannot be decreed upon a written agreement placed in a bank with directions to deliver it to the plaintiff upon payment of the price, within a specified time, and to return it to the defendant after expiration of the time, where the payment was not made and the writing was returned, and the contract for the sale of the timber was oral, and the plaintiff's evidence denied the escrow and had the effect to show that there was no escrow outside of the oral contract of sale.

APPEAL—REHEARINGS—NEW QUESTIONS.  A rehearing will not be granted to consider a new question not involved on the original hearing or even referred to in the briefs on appeal.

Appeal from a judgment of the superior court for King county, Hardin, J., entered April 15, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for specific performance.  Reversed.

*Shank & Smith*, for appellant.

*Peters & Powell* and *Marion Edwards*, for respondents.

RUDKIN, C. J.—Some few days prior to the 20th day of March, 1908, the plaintiff Frank J. King entered into negotiations with the defendant, Upper, for the purchase of certain growing timber in King county.  It was finally agreed between the parties that, in consideration of the sum of $200, the plaintiffs should have an option to purchase the timber for the sum of $6,000, for the period of thirty days.  On the above date, the terms of the contract for the sale of the timber were agreed upon, and the parties met at the office of the defendant, Upper, for the purpose of closing the deal.  After the contract of sale had been exe-

[1]Reported in 106 Pac. 612, 1135.

cuted and acknowledged, Upper dictated the following to his stenographer, which was afterward transcribed on the envelope in which the timber contract was enclosed:

"National Bank of Commerce, City.

"Gentlemen: Please deliver the enclosed to Frank J. King on or before April 15th, upon the receipt of $5,800. Upon the receipt of the above amount place the same to my credit," and signed the same.

The parties thereupon repaired to the bank, and the papers were delivered to the assistant cashier, who noted the following on the envelope containing the timber contract, in the presence of the parties, "by 3: 00 p. m. Apr. 15, 1908, to be returned to Upper;" and at the request of the bank the plaintiff Frank J. King signed his name on the corner of the envelope for identification. The $5,800 was not paid on or before April 15th at 3 p. m. and the papers were returned to the defendant at the expiration of that period. The present action followed to specifically enforce the contract of sale or escrow agreement, and from a judgment in favor of the plaintiffs, the present appeal is prosecuted.

In the consideration of this appeal we must not lose sight of the fact that two contracts are involved; first, the oral contract of sale, and second, the escrow agreement. Under all the authorities the former will not support an action for specific performance, because the contract was not reduced to writing, and there was no part performance to take the case out of the statute of frauds. If therefore, we view this as an action to enforce specific performance of the oral contract of sale, the action must fail, and if we view it as an action to enforce specific performance of the escrow agreement, the same result must follow, for we find in the record no proof of any such agreement.

The respondent Frank J. King testified that he had no knowledge of the contents of the agreement endorsed on the envelope containing the contract of sale until after the 15th day of April, 1908, and that he did not consent to any such

agreement. The court below found with the respondents on this point, but if we accept that finding as correct it will not aid them, for if they have succeeded in showing that this was not the escrow agreement, they have equally succeeded in showing that there was no escrow agreement at all.

If the respondents did not consent to and are not bound by the agreement endorsed on the envelope, it is very apparent that the appellant did not consent to and should not be bound by any other agreement. The effect of the respondents' testimony is to prove that there was no escrow agreement, independent of the oral contract of sale. In other words, their sole contention is that they did not enter into a particular contract; they do not claim that they entered into any other or different contract, but simply assumed that the escrow agreement fixed the same time for performance as the oral contract of sale. That is, they attempt to prove an escrow agreement by proving the terms of an oral contract for the sale of an interest in land. If we eliminate from this case all reference to the oral contract of sale—and we think we must—there is not even the semblance of an escrow agreement left. The appellant simply deposited his contract with the bank, with the explicit direction that it should be returned to him if not taken up by a certain date. The contract was not taken up within the time limited, and was properly and rightfully returned to the appellant at the expiration of that period. It seems to us that, under these admitted facts, there is nothing left for the respondents except to fall back on their nonenforceable oral agreement. In thus disposing of this case we have assumed that it was competent to prove the terms of the escrow agreement, as contradistinguished from the contract of sale, by oral testimony, but upon that question the authorities are in conflict. *Nichols v. Oppermann,* 6 Wash. 618, 34 Pac. 162; *Manning v. Foster,* 49 Wash. 541, 96 Pac. 233, 126 Am. St. 876, 18 L. R. A. (N. S.) 337.

In the former case it was held that the condition upon which a deed is deposited in escrow may be proved by parol, *where*

*there is a previous valid contract to convey.* The qualification, that there must be a previous valid contract to convey, was ignored or overlooked by this court in the later case of *Manning v. Foster, supra.* We deem it unnecessary at this time to attempt to reconcile these cases, further than to say that the several opinions in *Campbell v. Thomas,* 42 Wis. 437, 24 Am. Rep. 427, upon which the former case was based, are entitled to grave consideration in considering the question here involved. For the foregoing reasons, the judgment is reversed, with directions to dismiss the action.

CHADWICK, GOSE, and MORRIS, JJ., concur.

ON PETITION FOR REHEARING.

[Decided April 1, 1910.]

PER CURIAM.—In a petition for a rehearing filed in this cause the respondents insist that they are at least entitled to recover the $200 paid on the option or contract of sale. This question was not involved on the original hearing, and was not so much as referred to in the briefs. We are therefore asked to grant a rehearing for the purpose of litigating a new question. We are unwilling to adopt such a practice, but the dismissal will be without prejudice to a new action for recovery of that amount. To this extent the original opinion is modified, but in all other respects the rehearing is denied.