[No. 14123.  Department One.  October 15, 1917.]

W. G. McLAIN et al., Appellants, v. T. D. J. HEALY et al., Respondents.[1]

FRAUDS, STATUTE OF—CONTRACT FOR LAND — MEMORANDUM — ESCROW. An oral contract for the exchange of lands, whereby the parties were to execute deeds and deliver them to an attorney in escrow to be delivered upon approval by him of the title, is unenforceable, and the executed deed of a party, delivered in escrow, is not a sufficient memorandum of the contract to take the same out of the operation of the statute of frauds; since the validity of the escrow (which may be proved by parol) rests upon the validity of an enforceable contract for an exchange of the properties.

SAME—CONTRACT FOR LAND—PART PERFORMANCE. In such a case, the ordering of an abstract and the assignment of an insurance policy pursuant to the oral agreement together with a visit to the land to be received, is not a sufficient part performance to take the case out of the statute.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered December 27, 1916, upon findings in favor of the defendants, in an action for specific performance, tried to the court. Affirmed.

[1]Reported in 168 Pac. 1.

*Sather & Livesey,* for appellants.

*S. M. Bruce,* for respondents.

Morris, J.—Appellants, owning land in Grant county, entered into an oral agreement to exchange these lands with respondents Morgan and Pepper, owning land in Whatcom county. After reaching the agreement, the parties went to respondent Healy, an attorney, to prepare the respective deeds. Healy prepared the deeds, and these were executed by all the parties except Mrs. McLain, who was out of town, it being agreed that the McLain deed should be forwarded to Mrs. McLain for her execution. It was then agreed that Morgan and Pepper should deposit their deed with Healy, together with an abstract of title to be furnished as soon as prepared, and that, as soon as the McLain deed had been executed by Mrs. McLain, it should be deposited with Healy, together with an abstract of title, and that Healy, after examining the titles for both parties and being satisfied that each had a good title, should deliver the deeds to the respective grantees.

After depositing their deeds with Healy, Morgan and Pepper visited an abstract company and ordered an abstract of their property to be prepared and delivered to Healy. At the same time, they assigned and delivered to appellants an insurance policy covering their property. Respondent Morgan then went to Grant county and went upon the McLain lands, which he had previously examined pending the negotiations for the trade. He remained a day and a night upon the land and, being dissatisfied, he returned to Bellingham and, on May 29th, notified Healy that he and Pepper would not carry out the trade, and instructed him not to deliver their deed to McLain. On May 31st, Healy received the McLain deed duly executed by Mrs. McLain, together with their abstract. Healy, under his instructions, refused to deliver the Morgan and Pepper deed to McLain, and this

action was brought to compel the delivery of the deed. Being unsuccessful, this appeal was taken.

All of these agreements being oral, the question now is, Can they be enforced?

In so asserting, appellants maintain the agreement under which respondents deposited their deed with Healy was an escrow, and that an escrow may be proved by parol, citing *Manning v. Foster*, 49 Wash. 541, 96 Pac. 233, 126 Am. St. 876, 18 L. R. A. (N. S.) 337, as establishing such rule in this state. The vice in this contention is that, if it be admitted that an escrow may be proved by parol, appellants have only established one step in their necessary proof. The essential thing here is not in the proof of the escrow, but in the proof of a valid contract for the exchange of real property. An enforcible escrow must rest upon an enforcible contract, and an enforcible contract for the exchange of real property cannot rest in parol, but depends wholly for its validity upon an agreement in writing or some sufficient memorandum which would avoid the statute of frauds. Ryan, C. J., so speaks the law in his opinion in *Campbell v. Thomas*, 42 Wis. 437, 452, 24 Am. Rep. 427:

"I have no doubt that an *escrow* may be proved by parol. The difficulty here is not in the proof of the alleged *escrow*, but in the proof of the contract of sale and purchase itself. When there is a valid contract under the statute, the papers constituting it, or executed in compliance with it, may be delivered in *escrow*, and the *escrow* may be proved by parol. But the validity of the *escrow* rests on the validity of the contract; and the validity of the contract rests on the statute."

The only writing subscribed by the respondents is the deed deposited with Healy, but that deed does not contain the contract which appellants must prove before they can recover. It is necessary for appellants to establish the agreement of exchange before they can establish their right to the deed executed by respondents, and the same, relating as it does to real property, must be found in some writing suffi-

cient to meet the requirements of the statute of frauds. No such writing is produced. Such is the law in this state.

This court first dealt with this question in *Nichols v. Oppermann*, 6 Wash. 618, 34 Pac. 162, where it was said:

"The condition upon which a deed is delivered in escrow may rest in and be proved by parol. This is as far as the rule extends, and it presupposes a valid contract to convey. . . . Where there exists a previous valid contract to convey, the conditions upon which the deed is deposited may rest in and be proved by parol."

This case is criticized by counsel for appellants in his oral argument because, as he contends, it limits the contingency of an escrow to the happening of "some future certain event." If so understood, the definition is too narrow. An escrow is correctly defined in *Bronx Inv. Co. v. National Bank of Commerce of Seattle*, 47 Wash. 566, 92 Pac. 380, where the construction given is "until the performance of a condition or the happening of a certain event." Citing 16 Cyc. 561. The same definition is given in 10 R. C. L. 621, as follows:

"An escrow is a written instrument which by its terms imports a legal obligation, and which is deposited by the grantor, promisor, or obligor, or his agent, with a stranger or third party, to be kept by the depositary until the performance of a condition or the happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee. Delivery as an escrow is defined as a delivery on some collateral condition which must be consistent with the contract, on the happening of which condition alone the contract is to take effect."

In the *Bronx Inv. Co.* case, the validity of an escrow was also under consideration. The opinion assumes that the validity of an escrow depends upon a "valid enforcible contract for the sale of the property, independent of the escrow agreement," and finds in the evidence a sufficient memorandum of the contract of sale to satisfy this demand.

Next came *Manning v. Foster, supra*, in which, after citing *Nichols v. Oppermann* and other cases, it was held that "oral testimony was permitted under the circumstances of this case to show what the agreement of the parties was as to the delivery of the deed." If this means, as is held in the cited cases and is now held, that the escrow itself or the conditions under which a deed to real property is delivered in escrow may be proved by parol, it is sustained. If it means that not only the escrow but the agreement upon which it rests and upon which it would depend for its validity may rest in parol, it is departed from. It may be, by the phrase "under the circumstances of the case," the court there referred to the memorandum published as a part of the opinion and found in it a sufficient memorandum to take the case out of the statute of frauds. If so, the case is correct and squares with *Nichols v. Oppermann* and *Bronx Inv. Co. v. National Bank of Commerce of Seattle*, otherwise it cannot be sustained.

While not specifically overruling *Manning v. Foster*, the case is criticized in *King v. Upper*, 57 Wash. 130, 106 Pac. 612, 1135, 31 L. R. A. (N. S.) 606, as incorrectly stating the rule in *Nichols v. Oppermann*. *King v. Upper* may therefore be classed as confirming *Nichols v. Oppermann* and *Bronx Inv. Co. v. National Bank of Commerce of Seattle*, in holding that a valid existing contract is essential to the validity of an escrow agreement.

The next statement of the rule is found in *In re Edwall's Estate*, 75 Wash. 391, 134 Pac. 1041, where the *Nichols* case is cited to the effect that the conditions of an escrow may be proved by parol when there is a previous valid contract to convey. The *Nichols* case is also cited in *Thill v. Johnston*, 60 Wash. 393, 111 Pac. 225; *Graves v. Graves*, 48 Wash. 664, 94 Pac. 481, and *Taylor v. Howard*, 70 Wash. 217, 126 Pac. 423. A summary of all of these subsequent decisions is that *Nichols v. Oppermann* is still the law of this

state, and is now again referred to as stating the correct rule.

The general rule is thus stated in 10 R. C. L. 622:

"Many authorities lay down the rule that in order that an instrument may operate as an escrow when delivered to one not a party to the instrument to be delivered over in turn to a party to the instrument upon the performance of certain conditions, there must be a valid contract between the parties as to the subject-matter of the instrument and the delivery, and that in the absence of such a contract the party making the delivery may recall the instrument. Accordingly, it is held that an escrow differs from a deed in one particular only, and that is the delivery. Not only must there be sufficient parties, a proper subject-matter, and a consideration, but the parties must have actually contracted. The actual contract of sale on the one side, and of purchase on the other, is as essential to constitute the instrument an escrow as that it be executed by the grantor; and until both parties have definitely assented to the contract, the instrument executed by the proposed grantor, though in form a deed, is neither a deed nor an escrow; and it makes no difference whether the instrument remains in the possession of the nominal grantor or is placed in the hands of a third party, pending the proposals for the sale or purchase."

The ordering of the abstract and the assignment of the insurance policy do not affect the case either way. Whatever respondents may have done towards keeping their parol agreement matters not. Since the parol agreement is insufficient and there is no part performance to take the case out of the statute, it is within the rule. There is some contention of a sufficient part performance to avoid the statute, based upon Morgan's visit to the McLain lands, but we do not consider the acts relied upon sufficient for that purpose.

Judgment is affirmed.

Ellis, C. J., Main, Chadwick, and Parker, JJ., concur.