## No. 11,459.

### COLORADO TITLE AND TRUST CO. *v*. ROBERTS.

Decided November 8, 1926. Rehearing denied November 29, 1926.

Action for damages for violation of escrow instructions. Judgment for plaintiff.

### *Reversed.*

1. ESCROW—*Contract—Parol Variation.* The contention that the rule against variation of written contracts by parol, does not apply to escrow instructions, overruled.

2. *Contemporaneous Oral Instructions—Damages.* An escrow holder cannot be held liable for damages for failing to obey oral instructions given in addition to, and contemporaneous with, written ones.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. GEORGE M. IRWIN, Messrs. CUNNINGHAM & FOARD, for plaintiff in error.

Mr. J. E. LITTLE, Mr. T. C. TURNER, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ROBERTS had a verdict and judgment against the trust company, hereinafter called the bank, and it brings error. The action was for damages for wrongful delivery of notes held by the bank as an escrow under instructions given by Roberts, one Singer and one Doty. The instructions were in writing and were obeyed but certain alleged additional oral instructions, given at the same time, were violated.

The said notes were held by the bank, it claimed as collateral for Roberts' guaranty of another note for $5,100. Doty and Roberts had entered into a contract by which these notes were to be taken by Doty in payment for a house and lot and personalty in Manitou, subject to an incumbrance of $4,332, which upon certain conditions was to be reduced to $2,000.

The oral instructions required the bank to await such reduction of this incumbrance before delivering the notes.

Defendant claims that the rule against the variation of written contracts by parol does not apply to escrow instructions. It would seem that in reason the rule ought to be especially beneficial there. How can a bank holding perhaps scores of escrows be expected to remember oral instructions given in connection with written ones? We are not willing to assent to the claim of the defendant in error. The authorities upon which it is based are 21 C. J. 868, 869; *Bank of Center v. Cain,* 64 Colo. 285, 170 Pac. 961; *Stanton v. Miller,* 58 N. Y. 192; *Gaston v. Port-*

*land,* 16 Or. 255, 19 Pac. 127; *Foulkes v. Sengstacken,* 83 Or. 118, 158 Pac. 952, 163 Pac. 311. The rule stated in C. J. cites only Stanton v. Miller, and in that case the depositor reserved orally the right to recall the escrow, and the depositor only signed the instructions and it was held that specific performance of the delivery could not be enforced. There was no suit for damages against the escrow holder for disobeying instructions—he obeyed the oral instructions. In the two Oregon cases which follow there were no written instructions; the only question was whether escrow instructions might be oral, and it was held that they might. In Gaston v. Portland there was a dictum in accordance with the claim of defendant in error, and in Foulkes v. Sengstacken that dictum was quoted, but in neither of the two cases was the point involved.

In the *Bank of Center v. Cain, supra,* the instructions were written and it was a portion of the written instructions that was violated. Counsel have evidently become confused by the fact that there was a subsequent oral variation of the contract of sale pursuant to which the escrow was deposited and the instructions given, but there was no oral variation of the instructions themselves.

We do not find sufficient support in these decisions to coerce us against our sense of justice into holding that the holder of an escrow can be subjected to damage for failing to obey oral instructions given in addition and contemporaneous to written ones. See *Pacific Nat. Bank v. San Francisco Bridge Co.,* 23 Wash. 425, 63 Pac. 207, cited in *Manning v. Foster,* 49 Wash. 541, 96 Pac. 223, 18 L. R. A. (N. S.) 337, 126 Am. St. Rep. 876, 16 Ann. Cas. 95.

It follows that this action cannot be maintained. There are several other errors that we think would require a reversal, but it is unnecessary to consider them.

The judgment is reversed with directions to dismiss the case.