[Civ. No. 9834. First Appellate District, Division One. — August 9, 1935.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Appellant, v. HARRY A. CLARK et al., Respondents.

William M. Hiatt and Hamilton, Lindley & Higgins for Appellant.

Stearns, Luce & Forward and Fred Kunzel for Respondents.

WARD, J., *pro tem.*—This is an action to quiet title. The Security-First National Bank of Los Angeles is the successor in interest to the Pacific-Southwest Trust & Savings Bank; the defendants Harry A. Clark, Elizabeth Clark and Los Angeles Trust & Safe Deposit Company were served with summons but defaulted. The real controversy is between the Security-First National Bank of Los Angeles and the San Diego Trust & Savings Bank, located in San Diego, relative to a certain parcel of land in San Diego County. As a matter of brevity plaintiff and appellant herein will be referred to as the "Los Angeles bank", and the defendant and respondent as the "San Diego bank".

Plaintiff through its predecessor held the legal title to the property involved in trust for certain beneficiaries who had, under the terms of the trust indenture, the entire management and control of the property. Clark offered to buy the property for an agreed sum of $15,000. He deposited $1,000 to apply on the purchase price, the balance to be paid in ninety days. Prior to the expiration of this period and without a written acceptance of the offer by the Los Angeles bank, Clark took possession of the property and started the erection of buildings thereon. Requiring financial aid to continue the work, Clark applied for a loan of $18,000 from the San Diego bank. The Los Angeles bank forwarded to the San Diego bank a deed to Clark and his wife, and a promissory note for $14,000 to be executed by Clark and his wife to be secured by a deed of trust to the Los Angeles bank subject to a first deed of trust to the San Diego bank. A letter accompanied the documents, the portion thereof pertinent to the controversy in this case reading as follows: "Also, it is a further condition of this escrow that the loan of $18,000.00 obtained by Mr. and Mrs. Clark from the San Diego Trust and Savings Bank be used only for the payment of material and

labor claims existing vs. the property on this date and the balance for the completion of the Bungalow Court now in the process of construction to the extent of 32 cottages, under a contractors bid and bond guaranteeing the completion of such project without further incumbrance." No bid or bond as set forth in the letter of instruction was procured by the San Diego bank. Clark was personally superintending the construction of the work and refused to employ a contractor. The San Diego bank claims title through the deed from the Los Angeles bank to the Clarks, the trust deed from Clark and his wife to the San Diego bank, and a foreclosure of said trust deed at which the San Diego bank became the purchaser. It will be noted that the deed was deposited by the grantor, appellant herein, with respondent San Diego bank to be delivered to grantees upon the performance of certain conditions; namely, obtaining a contractor's bond guaranteeing the completion of the project without further incumbrance, to be used only for the payment of material and labor claims existing against the property on the date of delivery of the deed, and the balance for the completion of the building project then in course of construction.

When there is an agreement between the grantor and the grantee to comply with certain conditions, and the grantee fails in whole or in part in the performance of his obligation, the third party as an escrow holder may not deliver the deed until there is a strict compliance with the conditions. (*Dyson* v. *Bradshaw*, 23 Cal. 528–536; *McLaughlin* v. *Clausen*, 85 Cal. 322–327 [24 Pac. 636]; *Los Angeles High School Dist.* v. *Quinn*, 195 Cal. 377–383 [234 Pac. 313].) The agreement by the grantor and the grantee to all terms of instructions, and the acceptance by a third party of the position of depositary, creates the escrow. (*Holland* v. *McCarthy*, 173 Cal. 597 [160 Pac. 1069].) "It is equally well established in this state that before a proposed escrow may have any validity there must be a binding contract in existence between the parties to such escrow." (*Elliott* v. *Title Insurance & Trust Co.*, 64 Cal. App. 508, 511 [222 Pac. 175].) The delivery of a deed to a third person merely constitutes the depositary the agent of the grantor. If the grantor deposits with a third party, to await the performance of some condition, an escrow does not exist until there is an acceptance by the grantee of the condition. (*Kenney* v. *Parks*, 125 Cal. 146–149 [57 Pac. 772].) The designation of a transaction as an

"escrow" does not necessarily make it such unless the essential characteristics of an escrow exist. (*Keyes* v. *Meyers,* 147 Cal. 702 [82 Pac. 304] ; *Fitch* v. *Bunch,* 30 Cal. 208, 212.) If an escrow is created the grantor may amend or modify the terms of the instruction relative to delivery, but if so the depositary merely becomes and acts as the grantor's agent and ceases to represent the grantee. (*Huntington Park Improvement Co.* v. *Park Land Co.,* 165 Cal. 429–435 [132 Pac. 760].)

■ There was an acceptance and agreement by the third party, the San Diego bank, subject to a modification in the letter of instructions, by substituting a deed of trust for a mortgage, that the matter was "to be handled in accordance with the instructions". However, the agent could not agree on behalf of the principal, the grantee, unless authorized to do so. There is no evidence in the record to prove that the San Diego bank was authorized to agree to the terms of the instructions in behalf of the grantee, and there was no acceptance by the grantee of the provision in the letter of instruction to supply a contractor's bond. We must therefore conclude that as between the grantor and the grantee in this case an escrow agreement did not exist.

Appellant cites authorities upholding its contention that the terms of escrow instructions must be strictly construed, and that any delivery of a deed in violation of the instructions passes no title. ■ Assuming that Clark directly or through the San Diego bank accepted the conditions set forth in the letter of instructions, we are confronted with the fact that the Los Angeles bank waived compliance with the conditions in controversy. In response to appellant's communication requesting the filing of a completion notice by the contractors, or requesting that steps be taken to enforce the bond, the San Diego bank in reply explained that "the Clarks are also negotiating for the sale of other property in San Diego, the proceeds of which will be used in full payment of all unpaid claims and amounts due . . . " There were other communications between appellant and C. C. C. Tatum, a beneficiary under the original trust indenture and agent of plaintiff in this transaction, showing that the deviation by respondent from the instructions given by the grantor was known by appellant. Knowledge of the failure to perform in accordance with the condition, without protest, was a waiver of the failure to secure a contractor's bond. Appellant was apprised of the facts and its conduct indicated that the waiver should be

acted upon. Respondent, relying upon the failure of appellant to insist upon the contractor's bond, continued to advance money to the grantee to finish the work under his own supervision. Appellant was estopped from claiming a violation of the instructions. (*Lusitanian-American Development Co.* v. *Seaboard D. C. Corp.,* 1 Cal. (2d) 121–128 [34 Pac. (2d) 139].) Respondent was aware of the true state of the facts relative to the method of the grantee in erecting the buildings under his own supervision instead of by the employment of a contractor, but it was ignorant of appellant's claimed insistence after communications thereon that a bond should be provided. In *Johnson* v. *Kaeser,* 196 Cal. 686, 698 [239 Pac. 324], the court said: " . . . it is no less true that where the conduct or the acts of the party whose rights would thus be affected by a waiver have been such as to mislead the other party, to his prejudice, into the honest belief that a waiver was intended or consented to, then such conduct or acts will be held sufficient to work an estoppel as against the former". Appellant knew that the deed had been delivered and that a contractor's bond had not been obtained. If there was an improper delivery it was ratified by the conduct of the appellant. (*Sunderlin* v. *Warner,* 42 Idaho, 479–491 [246 Pac. 1–5].)

The written instructions, except the request for a contractor's bond, were fully complied with. In lieu of the bond respondent obtained from the grantee a deed and agreement on property, other then the property in question, guaranteeing the completion of the project. The buildings were completed substantially and no liens or encumbrances attached to the property which would have been discharged by a contractor's bond. Under all of the circumstances appellant was practically protected and stood in the same position as if a bond had been secured.

Appellant attacks the findings as "wholly unreliable", the result of conflict and error, but we find that the findings are amply supported by the evidence.

The action filed by plaintiff and appellant Los Angeles bank is to quiet title. In the closing brief appellant requests this court to reverse the judgment of the court below, or, if respondent San Diego bank be permitted to have title to the land, that as a condition precedent to such holding this court decree that the San Diego bank pay to the Los Angeles bank the purchase price of the property. Except under the

prayer for general relief in the complaint there is no basis for such action. The respondent in its reply brief lays stress upon the point that it should not be deprived of the property without receiving compensation for the improvements. The neglect or failure of the parties to adjust their difficulties is a matter in which this court is not concerned.

The Los Angeles bank executed a deed to the Clarks, and accepted in return a deed of trust subject to the deed of trust of the San Diego bank. If the San Diego bank had not deviated from the letter of instructions but had demanded a contractor's bond from Clark instead of the deed to the other property accepted as security, we are not satisfied from the record that the Los Angeles bank would be in any better situation to protect itself than without the contractor's bond. No evidence of a substantial detriment or injury by noncompliance with the letter of instruction appears from the record. Before the institution of the foreclosure proceedings by the San Diego bank, the Los Angeles bank wrote the San Diego bank in part as follows: "However, so far as this bank is concerned, you need not withhold any action, but may proceed with the foreclosure of the trust deed in your favor."

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 7, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 7, 1935.