BISHOP, J.
This action became dual in nature: first, an action by the plaintiff for $1,000 damages because the defendant failed to carry out her contract to purchase plaintiff’s 17 room, completely furnished, apartment hotel; second, an action in interpleader to determine to whom the $950, first paid into escrow and then paid into court, belonged. The trial court correctly determined that the plaintiff was entitled to damages in the amount of $1,000, but at the same time incorrectly decreed that the defendant was not entitled to the $950, but, subsequent to the judgment, ordered *891 that sum paid over to the plaintiff. As a consequence, we are modifying the judgment and reversing the order.
Action fob Damages
We do not have the exact terms of the escrow agreement before us, but that which we have raises no belief that there was any uncertainty as to what the parties meant to say, or understood that they had said, with respect to the property that was the subject of sale. The fact that evidence outside the contract may be required to establish whether a particular piece of personal property falls within the agreement does not render it uncertain. (McIllmoil v. Frawley Motor Co. (1923), 190 Cal. 546, 549 [213 P. 971, 972].) The agreement was not one to agree on terms, but only to take steps to carry out terms agreed upon.
Plaintiff was fully excused from performance, by defendant’s failure to cooperate, followed by an unequivocal and definite repudiation of the contract of sale.
No point is made that the evidence does not support the amount of damages awarded. If we disregard the $1,000 deposited by the defendant in escrow, we can quickly conclude that the award is supported by the evidence. The plaintiff, fairly, sold the property for $9,000, upon defendant’s refusal to go ahead with the deal, so that she lost $1,000 by defendant’s failure to pay to her any part of the $10,000 agreed upon. If, however, the plaintiff receives any part of the $1,000 paid into escrow by the defendant, her $1,000 loss is reduced by that much. What becomes of the $950 ($1,000 less escrow charges) paid by the escrow holder into court, becomes of interest, therefore.
Interpleadee Action
The judgment decreed that the defendant take nothing by the cross-complaint, in which she asserted title to the $950, but failed to say what does become of this money. Both in its silence and in what it said, the judgment was in error.
After the judgment, the plaintiff made a motion that the $950, that the defendant escrow holder had been allowed to pay into court, be applied in partial satisfaction of the judgment. Instead of granting the motion as made, the trial court adjudicated that the defendant had no interest in the $950, and awarded it to the plaintiff. This action was erroneous. The money paid into escrow by the defendant was to be paid to the plaintiff at the close of the escrow, into which she was to place a deed and a bill of sale. She was excused *892 from executing either a deed or a bill of sale, but her excuse did not serve to fulfill the terms of the escrow; the $1,000 deposited in escrow never became the money of the plaintiff, but remained that of the defendant. (Kellogg v. Curry (1951), 101 Cal.App.2d 856, 859-860 [226 P.2d 381, 383-384].) Again we point out that if the $950 had become plaintiff’s money, then she had received $950 from the defendant, so that, having received $9,000 from the sale of the property, she had not been damaged in the sum of $950, but of $50.
The judgment is modified by rewording the sentence beginning with the words “It is further adjudged” to read: “It is further adjudged that cross-complainant Charlotte Bellota is entitled to the $950 which has been paid into court, and the same shall be paid to her upon demand.” As so modified, the judgment is affirmed, appellant to have her costs of appeal. The order of May 18 is reversed.
Shaw, P. J., and Patrosso, J., concurred.