353 P.2d 1017

A. J. YOUNG and Ruth A. Young, his wife; Max W. Rothpletz and Norma Rothpletz, his wife; Harry S. Gill and Naomi L. Gill, his wife; Otis Paddock and Gladys T. Paddock, his wife; Roy Mitchell and Dimple Mitchell, his wife; H. E. Swineford and Vera M. Swineford, his wife; and Al E. Stone and Arlene Stone, his wife, Appellants,

v.

William W. BISHOP, Appellee.

No. 6602.

Supreme Court of Arizona.

June 30, 1960.

**142**

Lewis, Roca, Scoville & Beauchamp and Joseph E. McGarry, Phoenix, for appellants.

Parker & Muecke, Phoenix, for appellee.

JOHNSON, Justice.

This is an appeal by plaintiffs-buyers from an order for judgment on the pleadings made on motion of defendant-seller in plaintiffs' action for specific performance or, in the alternative, damages for defendant's alleged breach of a real estate sales contract. The parties appear herein as they did below.

The essential facts in this case are these: On January 16, 1956, in an office of the Phoenix Title and Trust Company, plaintiffs, through their agent, Al Norell, a real estate broker, and defendant negotiated an escrow agreement. The agreement was signed by defendant, by defendant's then attorney, Stephen Rayburn, and by Norell, who acted as buyer on behalf of plaintiffs for the purpose of setting up the escrow. In addition to the usual escrow instructions and provisions, the agreement provided for a total sales price of $50,000, to be paid by plaintiffs in the following manner: $1,000 to be deposited in escrow presumably with the signed agreement; $7,750 to be deposited in escrow on or before the date of defendant's compliance with the escrow; and the remaining balance of $41,250 payable in three annual installments of $13,750 at an annual interest rate of 4½%, installment payments to begin one year from the close of escrow, which date was specified as February 16, 1956. Also included in the agreement was a description of the property the subject of the transaction.

The source of most of the difficulty in this litigation is the following clause typed on the face of the escrow agreement:

"Note: The Escrow is subject to and conditioned upon Supplemental Trust Escrow Instructions which are to be submitted to Escrow Agent, which supplemental instructions will be made a part of this escrow."

These supplemental trust escrow instructions, herein termed the supplemental instructions, pertained to the contemplated conveyance by defendant of his title to the subject property to the Phoenix Title and Trust Company, which title was to be held in trust by said company under a trust agreement wherein defendant would appear as first beneficiary and plaintiffs as second beneficiaries. The purpose of this arrangement was to allow the second beneficiaries to subdivide the subject property and at the same time protect the security interest of the vendor-first beneficiary in the land against the unpaid purchase price.

Agreement on a set of supplemental instructions never was reached. Defendant refused to sign any of the submitted instructions and to convey his title to the trust company. Thereupon, plaintiffs instituted the present action seeking specific performance of the alleged agreement to buy and sell, or in the alternative, damages for breach thereof. For reasons which shortly will become apparent, we find it unnecessary to consider the merits of the supplemental instructions controversy, or to detail particulars.

A motion for judgment on the pleadings by defendant tests the sufficiency of the complaint. If the complaint fails to state a cause of action, judgment will be entered for defendant with leave to plaintiff to amend. State of Arizona v. Barnum, 58 Ariz. 221, 118 P.2d 1097. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, Snyder v. Betsch, 56 Ariz. 508, 109 P.2d 613, and all allegations of the moving party which have been denied are taken as false. Moore's Federal Practice (2d ed.) Vol. II, para. 12.15. Conclusions of law are not deemed admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party clearly is entitled to judgment. A defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where, as in this state, no reply is required, since under 16 A.R.S. Rules of Civil Procedure, Rule 8(e), these allegations are deemed denied.

At the time of the motion for judgment on the pleadings, the well-pleaded and admitted material facts of plaintiffs' case were these: escrow instructions were executed by the parties covering the sale of real property from defendant to plaintiffs; these instructions were conditioned upon and subject to supplemental instructions to be submitted to the escrow agent on behalf of the buyer; defendant was aware of the identity of plaintiffs at all times, who were the real parties in interest; plaintiffs submitted supplemental instructions to defendant who in bad faith refused to sign them; defendant in bad faith requested numerous changes in the supplemental instructions in

an effort to delay and terminate the transaction; these requests were agreeable to plaintiffs, but defendant arbitrarily and capriciously refused to complete the transaction; plaintiffs at all times and in court were ready, willing and able to execute the transaction according to the terms contemplated by the original escrow instructions, and did request conveyance by defendant who refused to accept tender or make conveyance; plaintiffs paid earnest money into escrow and by their complaint offered to pay the full purchase price.

■ Attached to the complaint as an exhibit was a copy of the original escrow agreement, which became a part of the complaint for all purposes. 16 A.R.S. Rules of Civil Procedure, Rule 10(c). This would include the consideration of the terms of the agreement in determining the sufficiency of the complaint. Foshee v. Daoust Const. Co., 7 Cir., 1950, 185 F.2d 23.

The record before us admits of two possible theories upon which the trial court may have acted in granting defendant's motion for judgment on the pleadings: the first, that no written contract of sale existed between the parties thus precluding plaintiffs from enforcing any cause of action based upon the alleged contract by virtue of the statute of frauds; and the second, that the escrow agreement constituted nothing more than an agreement to agree upon a future contract the consummation of which necessarily depended upon the mutual completion of the supplemental instructions. If either of these theories "holds water", so to speak, the judgment must be affirmed.

■ A.R.S. § 44–101, the statute of frauds provision, provides

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\*   \*   \*   \*   \*   \*

"6. Upon an agreement for leasing for a longer period than one year, or for the sale of real property or an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged."

Where an oral agreement to sell real estate is sought to be taken out of the statute of frauds on the authority of a memorandum, the memorandum must state with reasonable certainty the subject matter to which the contract relates and the terms and conditions of all the promises constituting the contract and by whom and to whom the promises were made. Durham v. Dodd, 79 Ariz. 168, 285 P.2d 747. In judging the sufficiency of a memorandum to take an oral

agreement out of the statute of frauds, the material factors required are the identity of the buyer and seller, the price to be paid, the time and manner of payment, and the property to be transferred, describing it so it may be identified. King v. Stanley, 32 Cal.2d 584, 197 P.2d 321. Adverting to the signed escrow agreement in the case at bar, with reference to its status as a memorandum of an alleged agreement to buy and sell, we see defendant as seller; Norell on behalf of plaintiffs, as the person with whom defendant negotiated as buyer, the missing signatures of plaintiffs on the escrow agreement not being defective in this action since defendant is the party to be charged, Shreeve v. Greer, 65 Ariz. 35, 173 P.2d 641, the total sales price is specified, as are the terms of payment and interest, and the date after which the payment of annual installments was to begin is an ascertained date, the closing of escrow; lastly, the escrow agreement contains a description of the property involved. Following all of which is the signature, among others, of the seller, the party to be charged under the statute. Prima facie, it would be difficult to imagine a more legally sufficient memorandum of an agreement to buy and sell than this one. We do not, of course, determine that a binding and valid contract existed in fact between the parties; we simply hold that a judgment on the pleadings could not have been entered against plaintiffs on the statute of fraud grounds.

Defendant contends, however, and this is his real objection and in all probability the basis of the trial court's judgment, that the escrow agreement was merely a preliminary agreement to a contract the major terms of which were to be supplied by the supplemental instructions. Defendant therefor concludes that inasmuch as the supplemental instructions were never approved by him, no contract was made, and the bad faith of defendant in refusing to approve the instructions becomes immaterial.

We would be required to sustain defendant's position and the judgment of the trial court if it appeared on the face of the pleadings as an indisputable matter of law that the subject matter of the supplemental instructions, or any part of it, was contemplated by the parties as a material part of any contract of sale between them, one which could not be resolved in equity by custom and usage. King v. Stanley, supra. The issue to be resolved, therefore, is whether the pleadings sustain this proposition.

The great weight accorded the formation of the supplemental instructions by defendant evidently is premised on the typewritten language on the face of the original escrow agreement, to the effect that the escrow is subject to and conditioned upon supplemental instructions which instructions are to be made a part of the escrow. For the purposes of this appeal, we concur with defendant that there could be no completed

escrow without the satisfactory settlement of the supplemental instructions question. Defendant goes the second mile, however, and further concludes there could be no binding contract of sale, either. And therein lies a distinction to be made.

■ Briefly stated, a contract of sale of real estate and an escrow arrangement are not interchangeable entities. A binding contract of sale must exist with respect to the subject-matter of the escrow instrument to support an enforceable escrow, Johnson v. Wallden, 342 Ill. 201, 173 N.E. 790; McLain v. Healy, 98 Wash. 489, 168 P. 1, L.R.A.1918A, 1161; Security-First National Bank v. Clark, 8 Cal.App.2d 709, 48 P.2d 167. A good definition of the generic term "escrow" is this: an escrow is a written instrument which by its terms imports a legal obligation, and which is deposited with a third party, to be kept by the depository until the performance of the prescribed condition or the happening of a certain event, and then to be delivered over to the grantee, promisee, or obligee. Merchants Nat. Bank of Aurora v. Frazier, 329 Ill.App. 191, 67 N.E.2d 611; Angelcyk v. Angelcyk, 367 Pa. 381, 80 A.2d 753. In short, an escrow primarily is a conveyancing device designed to carry out the terms of a binding contract of sale previously entered into by the parties.

■ It is the general rule that the conditions upon which an instrument is to be deposited in escrow may rest in, and be proved by parol, Lechner v. Halling, 35 Wash.2d 903, 216 P.2d 179; Angelcyk v. Angelcyk, supra; Robinson v. Marks, 211 La. 452, 30 So.2d 200; and discussion in 100 A.L.R. 196, and an instrument placed in escrow may be enforced although the escrow agreement is not in writing, Manning v. Foster, 49 Wash. 541, 96 P. 233, 18 L.R.A.,N.S., 337. This rule, however, does not permit enforcement of a contract for the sale of real estate unless there is a valid and binding obligation for such sale sufficient under the statute of frauds. As well stated in McLain v. Healy, supra:

"* * * appellants maintain the agreement under which respondents deposited their deed with Healy was an escrow, and that an escrow may be proved by parol * * * The vice in this contention is that if it be admitted that an escrow may be proved by parol appellants have only established one step in their necessary proof. The essential thing here is not in the proof of the escrow, but in the proof of a valid contract for the exchange of real property. An enforceable escrow must rest upon an enforceable contract, and an enforceable contract for the exchange of real property cannot rest in parol, but depends wholly for its validity upon an agreement in writing or some sufficient memorandum which would avoid the statute of frauds."

Assuming for the moment, in the case at bar, the existence of a valid contract of sale, then defendant's alleged bad faith in refusing to cooperate in the matter of the supplemental instructions assumes substantial materiality. Assuredly the parties contemplated the use of escrow to effect the conveyance of the subject matter of the alleged contract; the question, however, is whether the parties intended that any contractual obligation to buy and sell should itself be subject to the completion of the escrow instructions, or whether, the terms of sale having been established, escrow was but the necessary step to carry out terms already agreed upon. Barboza v. Dellota, 130 Cal.App.2d Supp. 890, 279 P.2d 219. If the former instance, then the trial court correctly held for defendant on the pleadings, as an essential condition to the contract was not fulfilled; but if the latter was the case, then the defection of either party with respect to the supplemental instructions matter, thus impeding the completion of the escrow which was the contemplated mode of carrying out the contract, would raise the question of breach of contract.

In other words, plaintiffs must allege and prove a contract the material terms of which are set out in some writing signed by the party to be charged; the defendant, on the other hand, is entitled to prove, if he can, against any prima facie case established by plaintiffs, that the purported contract of sale offered by plaintiffs was mutually understood to be conditioned upon the ultimate completion of escrow.

As matters stand, the pleadings do not reflect as a matter of law that the alleged contract of sale between the parties was expressly conditioned upon the completion of escrow instructions. A suit to enforce an alleged contract of sale is not identical with an action to enforce an escrow, and the fact that the pleadings indicate that the original escrow agreement was made subject to and conditioned upon certain supplemental instructions does not as a matter of law imply that the alleged contractual obligation itself was so qualified. We have herein set forth the necessary material factors which must be found in a writing to take an oral agreement of sale out of the statute of frauds; if the parties wish to stipulate to certain conditions which must be fulfilled before any agreement between them can assume legal effect as a binding contract, they are free to do so, but the courts will not imply such conditions and by doing so make or "break" contracts for the parties. With respect to the actual merits of the present controversy, we have no opinion; the scope of our review is limited by the posture of the case presented on appeal. Suffice it to say, the pleadings

before us present material fact issues which preclude the granting of a judgment on the pleadings.

Judgment reversed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concurring.