NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TAKIA SHENE HALL, *Plaintiff/Appellant,*

*v.*

RYAN WILLIAM HARDY, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0468
FILED 2-14-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-051758
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

Collins & Collins, L.L.P., Phoenix
By Joseph E. Collins
*Counsel for Plaintiff/Appellant*

Phoenix City Attorney's Office, Phoenix
By Victoria R. Torrilhon
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

---

**C R U Z**, Judge:

**¶1**        Takia Shene Hall appeals the superior court's dismissal of her personal injury claim against the City of Phoenix ("the City").[1]  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**        In June 2020, Ryan William Hardy ("Hardy"), a City employee, drove a fire engine northbound on 26th Drive past a stationary United States Postal Service ("USPS") vehicle.  Hall, an on-duty USPS employee, was inside the USPS vehicle.  As it passed the USPS vehicle, one of the fire engine's passenger side mirrors collided with the USPS vehicle's rear driver-side mirror.  Both vehicles sustained minor damage.  Hall served the City with a notice of claim in December 2020 but did not serve Hardy with a notice of claim.

**¶3**        In May 2021, Hall filed a personal injury lawsuit against Hardy and the City alleging claims of negligence against Hardy and vicarious liability against the City.  The City and Hardy answered and, among other things, raised the affirmative defense that Hall had failed to serve a notice of claim on Hardy as required by Arizona Revised Statutes ("A.R.S.") section 12-821.01.

**¶4**        In August 2021, Hall filed an "Unopposed Motion to Amend Complaint."  Hall attached a proposed amended complaint to her motion, which added a negligent entrustment of a vehicle claim against the City. The proposed amended complaint named both the City and Hardy as defendants.  The superior court granted the motion.

---

[1]     The superior court also dismissed Hall's claim against the City's employee, Ryan William Hardy.  Hall makes no argument on appeal that the superior court erred by dismissing Hardy.  Accordingly, we do not address Hardy's dismissal.  *See* ARCAP 13(a)(7).

¶5          The next day, Hall filed an amended complaint which differed from the unopposed proposed amended complaint. The amended complaint eliminated Hardy from the caption and added the City's "agents" as defendants. The amended complaint referred to Hardy as "Unnamed Ryan Hardy" and "Unnamed Defendant Hardy." Hall continued to seek damages "jointly and severally." The City answered the amended complaint.

¶6          The City moved for judgment on the pleadings pursuant to Arizona Rule of Civil Procedure ("Rule") 12(c) in March 2022. In its motion, the City argued it was entitled to judgment because (1) Hall had failed to serve Hardy with a notice of claim, and (2) she had failed to include her negligent entrustment claim in the notice of claim served on the City. Hall did not respond. The City moved for summary disposition pursuant to Rule 41(b) for failure to prosecute, including Hall's failure to respond to the City's motion for judgment on the pleadings. The superior court dismissed the complaint. The court noted that because Hall had not filed a response to the City's motion for judgment on the pleadings the court could summarily grant the motion, but considered the merits of the motion to dismiss and entered judgment for the City because Hall had failed to comply fully with the notice of claim statute. The court's order contained Rule 54(c) language.

¶7          Hall filed a motion and amended motion requesting the superior court to set aside its order dismissing the complaint pursuant to Rule 60(b)(1), asserting excusable neglect. The City responded, and the superior court denied Hall's motion. The court struck the City's filings "to the extent they [were] responses to the Motion for Reconsideration." *See* Rule 7.1(e)(2). The court ruled "[t]o the extent [Hall's] Motion for Reconsideration is an attempted [Rule] 60(b)(1) Motion . . . the court finds no grounds here on which to base any [Rule] 60(b)(1) relief."

¶8          Hall timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9          We review de novo the superior court's dismissal of a complaint pursuant to Rule 12. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). On a motion for judgment on the pleadings, all material allegations of the opposing party must be taken as true, and judgment may only be granted if the moving party is clearly entitled to judgment. *Young v. Bishop*, 88 Ariz. 140, 143 (1960). "We review de novo a trial court's

determination that a party's notice of claim failed to comply with [A.R.S.] § 12-821.01." *Jones v. Cochise Cnty.*, 218 Ariz. 372, 375, ¶ 7 (App. 2008). We review the superior court's decision declining to set aside a judgment under Rule 60(c) for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328-29 (1985).

¶10        As a threshold matter, the City argues Hall's appeal "may" be time-barred if Hall's amended motion requesting the superior court to set aside its order dismissing the complaint pursuant to Rule 60(b)(1) was a motion for reconsideration, as suggested by its title. *See* Rule 7.1(e)(3) (motions for reconsideration do not extend the time within which a notice of appeal must be filed). As noted above, Hall cited Rule 60(b)(1) as authority for her motion, and the superior court ruled accordingly: "[t]o the extent the Motion for Reconsideration is an attempted [Rule] 60(b)(1) motion . . . the court finds no grounds here on which to base any [Rule] 60(b)(1) relief." We find that Hall timely appealed because she filed a time-extending Rule 60 motion, regardless of its title, within fifteen days of entry of judgment. *See* ARCAP 9(e)(1)(E).

¶11        It is undisputed in this case that Hall served the City with a notice of claim but did not serve Hardy with a notice of claim.

¶12        Hall asserts that after she filed her amended complaint, the City was the only defendant remaining in the lawsuit.[2] The City argues Hall's "attempt to dismiss [Hardy] from the lawsuit" was ineffective. We agree that the new, unsanctioned language in the amended complaint did not result in a voluntary dismissal of Hardy from the lawsuit. After Hardy answered Hall's complaint, Hall never received leave from the court to dismiss Hardy or a stipulation from the parties agreeing to the dismissal. *See* Rule 15(a)(2); 41(a)(1). And the superior court did not separately dismiss Hardy before it dismissed the complaint in its entirety.

¶13        The City argues that, whether or not Hardy was still a named defendant, Hall's failure to serve Hardy with a notice of claim was fatal to her vicarious liability claim against the City. Hall argues that she need not sue Hardy to prevail on a vicarious liability claim against the City.

¶14        We need not address whether a dismissal of an employee pursuant to A.R.S. § 12-821.01 precludes a claim of vicarious liability

---

[2]        On appeal, Hall refers to Hardy as a "non party at fault," but she did not file a notice naming Hardy as a non-party at fault under Rule 26(b)(5).

against an employer. *See, e.g.*, *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon* (*Banner I*), 249 Ariz. 132 (App. 2020), *vacated*, *Banner II*, 252 Ariz. 264 (2022) (noting at n.2 the *Banner II* Court did not "address the underlying merits of whether a dismissal of an employee pursuant to A.R.S. § 12-821.01 precludes a claim of vicarious liability against an employer"). Because Hall failed to respond to the City's motion to dismiss, a dispositive motion, she has waived on appeal her argument about the City's vicarious liability and whether she was required to serve Hardy with a notice of claim for that claim to survive. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593-94, ¶ 25 (App. 2021) (legal theories must be timely presented to the superior court so the court may address all issues on their merits, and if the argument is not raised below, it is waived on appeal).

## CONCLUSION

¶15            For the foregoing reasons, we affirm.

